272 So.2d 326 (1973)
Errol E. BUCKNER
v.
Elviera Walker CARMACK et al.
No. 52903.
Supreme Court of Louisiana.
January 15, 1973.
*327 Shuey, Smith & Carlton, W. Gene Carlton, Shreveport, for plaintiff-appellant.
Robert G. Pugh, Shreveport, Howard W. L'Enfant, Jr., New Orleans, for defendants-appellees.
Dale, Owen, Richardson, Taylor & Mathews, Sidney D. Fazio, Kantrow, Spaht, Weaver & Walter, Kennon, White & Odom, Kolb & Rooks, McCollister, Belcher, Cleary & Fazio, McGehee, McKinnis & Schroeder, E. Drew McKinnis, J. H. Odom, G. T. Owen, Jr., Alton J. Reine, Jr., J. Taylor Rooks, Carlos G. Spaht, Watson, Blanche, Wilson, Posner & Thibaut, Sanders, Miller, Downing & Kean, R. Gordon Kean, Jr., Baton Rouge, amici curiae.
Aycock, Horne, Caldwell & Coleman, Jack C. Caldwell, Franklin, amici curiae.
Claude P. Boudreaux, Houma, amicus curiae.
Davidson, Meaux, Onebane & Donohoe, J. J. Davidson, Jr., Joseph Onebane, Lafayette, amici curiae.
Anderson, Leithead, Scott, Boudreau & Savoy, Robert J. Boudreau, Camp, Carmouche, Palmer, Carwile & Barsh, Hall, Raggio & Farrar, James C. Hanchey, Jones, Kimball, Patin, Harper, Tete & Wetherill, Paul E. Palmer, Thomas L. Raggio, Stockwell, St. Dizier, Sievert & Viccellio, Oliver P. Stockwell, Charles D. Viccellio, Lake Charles, amici curiae.
Voelker, Ragland & Brackin, Frank Voelker, Lake Providence, amici curiae.
Roland J. St. Martin, LaPlace, amicus curiae.
Fish, Thomas, Montgomery & Prestridge, Wallace, Bigby & Wallace, Bossier City, amici curiae.
LeBrun, Karno, Lockhart & Brainis, Roy L. Price, Metairie, amici curiae.
Henry Bernstein, Jr., Hudson, Potts & Bernstein, Thomas W. Leigh, Welsley S. Shafto, Jr., Snellings, Breard, Sarto, Shafto *328 & Inabnet, Theus, Grisham, Davis & Leigh, Monroe, amici curiae.
Armentor & Wattigny, Caffery, Duhe & Davis, Louie M. Cyr, Mestayer & Simon, Landry, Watkins, Cousin & Bonin, New Iberia, amici curiae.
Allain C. Andry, Jr., Allain C. Andry, III, Robert N. Andry, William L. Andry, Harold J. Aronson, Michael H. Bagot, Baldwin, Haspel, Molony, Rainold & Meyer, Bronfin, Heller, Feldman & Steinberg, Curtis R. Boisfontaine, Jerry A. Brown, Cabibi & Cabibi, Casey, Babin & Casey, Chaffe, McCall, Phillips, Toler & Sarpy, John T. Charbonnet, James M. Colomb, Jr., Robert J. Conrad, Camille A. Cutrone, Charles I. Denechaud, Jr., Denechaud & Denechaud, Deutsch, Kerrigan & Stiles, Dresner & Dresner, Adrian G. Duplantier, Louis G. Dutel, Jr., Edward P. Ecuyer, Peter Feringa, Jr., Flanders & Flanders, A. D. Freeman, Jr., Gauche, Wegener & Oster, Beard, Blue, Schmitt & Treen, Melvin W. Mathes, Felix W. Gaudin, Hilary J. Gaudin, Philip Gensler, Goldman & Levin, Maurice Gomila, Graham, Graham & Kiefer, James J. Grevemberg, John W. Haygood, Bernhardt C. Heebe, Odom B. Heebe, H. Martin Hunley, Jr., Gordon B. Hyde, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Nolan Kammer, R. Emmett Kerrigan, Joseph E. LeBlanc, Jr., Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Sumter D. Marks, Jr., W. D. McArthur, Charles J. McCabe, Joseph McCloskey, McCloskey, Dennery & Page, McLoughlin, Barranger, Provosty & Melancon, Donald N. Memmer, Milling, Saal, Benson, Woodward & Hillyer, Monroe & Lemann, Montgomery, Barnett, Brown & Read, Ogden & Ogden, Pierre D. Olivier, Jr., Phelps, Dunbar, Marks, Claverie & Sims, G. Henry Pierson, Jr., Plough, Jumonville & Mulla, Robert G. Polack, Polack, Rosenberg & Rittenberg, Robert R. Rainold, Lloyd A. Ray, Sessions, Fishman, Rosenson, Snellings, & Boisfontaine, Simon & Simon, Stahl & Berke, Louis G. Shushan, Moise S. Steeg, Jr., Bat P. Sullivan, Tucker & Shonekas, Rudolf O. Vorbush, Edward F. Wegmann, M. Truman Woodward, Jr., William Waller Young, Jr., New Orleans, amici curiae.
Jewell & Jewell, Thomas J. Jewell, New Roads, amici curiae.
Cotton & Bolton, W. D. Cotton, Rayville, amici curiae.
Blanchard, Walker, O'Quin & Roberts, Bodenheimer, Jones, Klotz & Simmons, Booth, Lockard, Jack, Pleasant & LeSage, C. P. Brocato, Brown & Dormer, Burnett, Harrison & Sutton, Arthur R. Carmody, Jr., John T. Carpenter, Cook, Clark, Egan, Yancey & King, Jackson B. Davis, Jared Y. Evans, Feist, Schober & Howell, Gallagher & Gallagher, Goode & Goode, Hargrove, Guyton, Van Hook & Ramey, T. Haller Jackson, Jr., Morelock, Egan & Cook, Naff, Kennedy, Goodman & Donovan, Nelson Ltd., Henry A. Politz, Cecil E. Ramey, Jr., Robert Roberts, III, Armand W. Roos, Jr., Shuey, Smith & Carlton, Skeels, Baker & Coleman, Smith, Trichel, Malsch & Ballard, Smitherman, Smitherman, Lunn & Hussey, Stagg, Cady & Beard, Charles E. Tooke, Jr., Tucker, Martin, Holder, Jeter & Jackson, Wiener, Weiss & Wiener, Wilkinson, Woods, Carmody & Peatross, Clarence Y. Yancy, Shreveport, amici curiae.
E. H. Lancaster, Jr., Tallulah, amicus curiae.
SANDERS, Justice.
This suit challenges the constitutionality of Articles 2638 and 2639 of the Louisiana Code of Civil Procedure, relating to executory process, in the wake of the recent decision of the United States Supreme Court in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The district court sustained the defendants' plea of unconstitutionality. We reverse and uphold the validity of the code articles at issue.
The plaintiff, Buckner, is the holder and owner of a promissory note executed by Hugh Carmack, secured by a mortgage in *329 authentic form upon a certain lot and building in Caddo Parish. The mortgage contains a stipulation against alienation of the property and a confession of judgment. Alleging that the note was past due and unpaid, Buckner filed suit in the First Judicial District Court for the Parish of Caddo, seeking an order of seizure and sale. Authentic evidence of the note and mortgage was attached to the petition. The defendants responded, attacking the constitutionality on their face of Articles 2638 and 2639 of the Louisiana Code of Civil Procedure, under which the suit was filed. The defendants' charge is that:
"Articles 2638 and 2639 of the Louisiana Code of Civil Procedure are unconstitutional in that they work a deprivation of property without due process of law by denying the right to a prior opportunity to be heard before authorizing the seizure of property as required by the Fourteenth Amendment to the United States Constitution."
An executory proceeding in Louisiana is an action in rem by the holder of a mortgage or privilege evidenced by an authentic act importing a confession of judgment to effect the seizure and sale of the encumbered property. See LSA-C.C.P. Art. 2631. It is a civil law remedy, having no counterpart in the common law. Its procedural bases are the debtor's confession of judgment before a notary public and two witnesses; supporting authentic evidence; and a determination by a judge that the submissions are adequate for the seizure and sale of the encumbered property to satisfy the debt.
Professor Henry George McMahon, an eminent authority on civil procedure, has described executory procedure as a simple, expeditious, and inexpensive procedure, giving adequate protection to the rights of the debtor. McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555, 556 (1958).
The Supreme Court of the United States has recognized the constitutionality of Lousiana executory procedures in Fleitas v. Richardson, 147 U.S. 538, 13 S.Ct. 429, 37 L.Ed. 272 (1893).
In Fuentes v. Shevin, supra, the Supreme Court of the United States held that the pre-judgment replevin statutes of Florida and Pennsylvania, giving the creditor a right to the immediate possession of goods or chattels, violated procedural due process under the Fourteenth Amendment to the United States Constitution.
After finding that the debtor had not waived notice and prior hearing, the court concluded:
"We hold that the Florida and Pennsylvania prejudgment replevin provisions work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor. Our holding, however, is a narrow one. We do not question the power of a State to seize goods before a final judgment in order to protect the security interests of creditors so long as those creditors have tested their claim to the goods through the process of a fair prior hearing. The nature and form of such prior hearings, moreover, are legitimately open to many potential variations and are a subject, at this point, for legislationnot adjudication. Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, however, it is axiomatic that the hearing must provide a real test. `[D]ue process is afforded only by the kinds of "notice" and "hearing" which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property ....'"
The Florida statute authorized the issuance of the writ of replevin by a clerk of court, upon the creditor's unsupported allegation that he was entitled to the writ, with actual dispossession of the debtor immediately upon service of the writ.
*330 The Pennsylvania statute authorized the issuance of the writ of replevin by a prothonotary, upon the plaintiff's unsupported allegation that he was entitled to the writ, with actual dispossession of the debtor immediately upon service of the writ.
Among the objectionable features of the statutes identified in the decision was the issuance of the writ of replevin by one not a state official,[1] its issuance solely upon the ex parte allegation of the creditor that he is entitled to the goods seized, the omission of notice to the debtor, and the denial of an opportunity to be heard prior to actual dispossession.
An examination of Louisiana procedures points up valid distinctions between them and those of Florida and Pennsylvania. A writ of seizure and sale in Louisiana is issued by a judge of a court of proper venue. To justify the issuance of the writ, the plaintiff must make a proper showing to the reviewing judge.
The judge must satisfy himself that the plaintiff's petition is supported by authentic evidence of (1) the instrument evidencing the mortgagor's indebtedness; (2) the Act of Mortgage or privilege containing a confession of judgment; and (3) any other instruments necessary to complete proof of plaintiff's right to use executory process. LSA-C.C.P. Art. 2635.
Unless waived, a three-day demand for payment must be served upon the debtor. LSA-C.C.P. Art. 2639. The settled practice is to serve a copy of the petition upon the debtor as an attachment to the demand for payment. LSA-C.C.P. Art. 2639, Comments (a); Flemming's Formulary (3rd ed. 1955) pp. 519-520; LSA-C.C.P. Form 1605.
If the debtor makes no payment and interposes no defenses or objections during the delay, a writ of seizure and sale is then issued. The writ of seizure and sale must be served upon the debtor. Service of the writ cannot be waived. LSA-C.C.P. Arts. 2293, 2721.
If the immovable property to be seized under the writ is under lease or occupied by the owner, the seizure can be constructive only. As to other immovable property, it may be constructive. LSA-C.C.P. Art. 326. A constructive seizure is made by serving a notice of seizure on the debtor and filing the notice with the recorder of mortgages. LSA-R.S. 13:3853-3855. In such a seizure, no actual dispossession takes place until after the advertisement and sale of the property at least thirty days later. LSA-C.C.P. Arts. 2331, 2722, 2724; LSA-R.S. 43:203; LSA-R.S. 13:4346.
The defendants contend, however, that these safeguards are inadequate to preserve the constitutionality of the code articles. They point to the omission of a routine hearing and the citation of the defendant to appear at the hearing.
This contention lacks merit. The Louisiana procedure is based upon a contractual confession of judgment. Such a confession of judgment effectively waives the right to a routine adversary hearing.
Since the constitutional plea here is directed to the face of the articles, without evidence, the defendants make no contention of unequal bargaining power or overreaching by the creditor. Nor do we find from an examination of the instrument any evidence of abuse.
*331 The Louisiana Constitution specifically authorizes a confession of judgment for executory process. LSA-Const. Art. 7, Sec. 44. Our courts have upheld the validity of such confessions. See Marbury v. Pace, 29 La.Ann. 557 (1877); C.I.T. Leasing Corp. v. Bar-Tender of Louisiana, Inc., La.App., 258 So.2d 228 (1972); Kirkeby-Natus Corporation v. Campbell, La.App., 210 So.2d 103 (1968).
In Marbury v. Pace, supra, this Court stated:
"The issuance of a citation to, and its service on, one who has already confessed a judgment would be as vain and as useless a proceeding as one can imagine; for what is the object of citation? To summon defendant to comply with petitioners' demand or deliver his answer in the office of the clerk of the court. When his answer is filed, and that answer expresses a willingness to comply with the demand, a citation to appear and do what the party has already done is not only not required but unauthorized.
"Citation is the essential ground of all civil action, in ordinary proceedings, and, without it, those proceedings are absolutely null, unless the defendant, of his own will, has appeared in the suit, and answered the demand. Defendant, Pace, has done nothing less; he has appeared, and, in the sense of the law, his written confession is one of those answers which waive citation, delay, and default, and left no issue to be tried."
In the early case of Bank of Columbia v. Okely, 4 Wheat. 235, 4 L.Ed. 559 (1819), the United States Supreme Court upheld the constitutionality of a cognovit clause, one in which the debtor has authorized an attorney to confess judgment for him without prior notice and hearing. The Court found no constitutional infirmity in the voluntary relinquishment of notice and hearing. Only last year, that Court reaffirmed this holding in D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), stating:
"Our holding necessarily means that a cognovit clause is not, per se, violative of Fourteenth Amendment due process."
In Fuentes, the Court cited the Overmyer case with approval.
Apart from the confession of judgment, however, the debtor has ample opportunity under our Code of Civil Procedure to assert any defenses and objections that he may have both before and after the seizure, whether it be constructive or actual.
Article 2642 of the Louisiana Code of Civil Procedure provides:
"Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both."
Article 2753 of the Louisiana Code of Civil Procedure authorizes the arrest of an executory proceeding either before or after seizure by injunction and without bond on numerous grounds including (1) the debt is extinguished or prescribed; (2) the enforcement of the debt is premature; (3) the act of mortgage or privilege was secured by forgery, fraud, violence, or other unlawful means; (4) the defendant has a liquidated claim to plead in compensation; and (5) the order directing the issuance of the seizure and sale was rendered without sufficient authentic evidence submitted to the Court.
The Louisiana Law also provides a battery of other remedies including a suspensive appeal from the order of seizure and sale, an injunction with bond under Article 3610 of the Louisiana Code of Civil Procedure, and an action in nullity after the judicial sale.
We hold, therefore, that Articles 2638 and 2639 of the Louisiana Code of Civil Procedure are constitutional.
For the reasons assigned, the judgment of the district court is reversed, the plea of *332 unconstitutionality is denied, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed. All costs in this Court are taxed against the defendants. All other costs are to await the final outcome of the proceedings.
HAMLIN, C. J., absent.
BARHAM, J., dissents with reasons.
TATE, J., dissents for the reasons by BARHAM, J.
BARHAM, Justice (dissenting).
Louisiana Code of Civil Procedure Articles 2638 and 2639 are attacked as being a denial of due process guaranteed by the United States Constitution, Fourteenth Amendment, since they bring about a deprivation of property without affording the right to a prior hearing. I am of the opinion the articles are unconstitutional in light of the decision in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
The majority attempts to differentiate between Louisiana's statutory scheme for executory process and the replevin statutes of Florida and Pennsylvania. Although there are distinctions, these are not sufficient to accord due process to the Louisiana statutes. The principal constitutional infirmity of Louisiana's procedure lies in the inadequacy of Article 2639 to provide notice and opportunity for hearing before seizure. That article merely provides for the issuance of "a demand upon the defendant for payment of the amount due and all costs of court", and that if demand for payment is not satisfied, the property "will be seized and sold according to law". This is not notice that the defendant is entitled to a hearing, nor does it provide a vehicle for a contradictory hearing. The only alternatives contained in the notice are to pay or to lose the property. Nowhere is it suggested that the defendant might urge defenses to the seizure.
Code of Civil Procedure Article 2640 specifically provides that citation is not necessary, and that only a simple demand for payment need be served. Nowhere in the whole scheme is notice given to the defendant that he is entitled to an adversary hearing to determine whether or not the property can be seized. The fact that Article 2642 provides that the defendant may invoke injunctive procedure or may appeal from the order of seizure and sale (with security) does not accord him the hearing required for due process under the holding in Fuentes v. Shevin, supra.
The majority makes much of the fact that it is the practice in Louisiana to serve a copy of the petition in addition to the demand for payment. First, this is not the law even if it is the practice. Second, the petition need not contain, and will not contain, any indication that the defendant is entitled to a hearing. The prayer of the petition simply states that the plaintiff is entitled to a seizure and sale in accordance with law; and that is exactly the relief requested.
The majority speaks of permitted constructive seizure which does not actually dispossess the defendant. In seizures of all movable property and of much immovable property, there is actual physical dispossession three days after notice of demand for payment, or immediately if that demand for payment has been waived. The demand for security to obtain release is also onerous.
It is not that Louisiana cannot validly provide for executory process; it is that Louisiana has not under the present codal scheme provided due process in executory process as required by Fuentes.
I reiterate that Articles 2638 and 2639 are unconstitutional, and I respectfully dissent.
NOTES
[1] "The statutes, moreover, abdicate effective state control over state power. Private parties, serving their own private advantage, may unilaterally invoke state power to replevy goods from another. No state official participates in the decision to seek a writ; no state official reviews the basis for the claim to repossession; and no state official evaluates the need for immediate seizure. There is not even a requirement that the plaintiff provide any information to the court on these matters. The State acts largely in the dark."