320 So.2d 111 (1975)
HOOD MOTOR COMPANY, INC., Plaintiff-Appellee-Relator,
v.
James W. LAWRENCE, Defendant-Appellant-Respondent.
No. 55976.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*112 Thomas L. Giraud, New Orleans, for defendant-appellant-respondent.
Joseph H. Simpson, Amite, for plaintiff-appellee-relator.
TATE, Justice.
Here contested is the validity of executory proceedings to seize and sell mortgaged property without citation or judgment. La.C.Civ.P. art. 2631 et seq. The issue before us is whether an order of seizure and sale, La.C.Civ.P. art. 2638, signed by the parish clerk of court, La.C.Civ.P. art. 283, rather than by a judge, is sufficient compliance with the federal due process requirement of judicial control of ex parte seizures. Mitchell v. W. T. Grant Company, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).
For reasons to follow, we find no constitutional infirmity in executory proceedings based upon an order of seizure and sale signed by a clerk instead of by a judge.
The plaintiff creditor ("Hood Motor") initially seized a mortgaged Chevrolet and sold it by executory process. It then sued the defendant debtor Lawrence and obtained a judgment for the deficiency between the mortgage debt and the price brought at judicial sale. The debtor's chief defense is that the ex parte seizure by executory process offended the federal constitution.
On the debtor's appeal, the court of appeal reversed. 307 So.2d 143 (La.App. 1st Cir. 1974). The court denied a deficiency judgment because it held the initial seizure offended federal due process. The basis for this holding is that the order of seizure and sale was signed by the parish clerk of court, not a judge, as authorized (for parishes other than Orleans) by Article 283(2) of the Louisiana Code of Civil Procedure (1960). The code article was held unconstitutional insofar as thus providing.
We granted certiorari, 309 So.2d 678 (La.1975), because of the policy of this court to afford review of right when the intermediate court declares a statute unconstitutional. Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970).

I.
Before we consider the narrow issue before us, we deem it advisable to advert to its statutory and jurisprudential context.
An executory proceeding in Louisiana is an in rem action derived from the *113 civil law. Buckner v. Carmack, 272 So.2d 326 (La.Sup.Ct.1973); McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555 (1958). By an executory proceeding, a creditor may effect ex parte "the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act[1] importing a confession of judgment."[2] La.Civ.P. art. 2631.
To exercise his right to obtain an ex parte order of seizure and sale, La.C. Civ.P. art. 2638, the creditor must submit with his petition authentic evidence or its statutory equivalent "necessary to prove his right to use executory process". La.C. Civ.P. art. 2635. This requirement includes not only the instruments evidencing (1) the obligation secured by the mortgage or privilege and (2) the mortgage or privilege importing a confession of judgment, but also (3) evidence "necessary to complete the proof of plaintiff's right to use executory process." La.C.Civ.P. art. 2635.
Before the order is signed for issuance of a writ of seizure and sale, the court is required by La.C.Civ.P. art. 2638[3] to satisfy itself that the plaintiff's petition is supported by authentic evidence and other showings which affirmatively establish the right to the relief sought. Buckner v. Carmack, 272 So.2d 326 (La.1975).
(In the present case, the order was signed by the clerk of court, not a judge, as authorized by La.C.Civ.P. art. 283. The contention that the present seizure and sale under executory process is constitutionally infirm is based solely on this circumstance.)
After the order is signed, a demand for payment must be made upon the defendant, unless it has been waived by the debtor in the act of mortgage (as is often the case). La.C.Civ.P. arts. 2639, 2640. In all cases, however, after the property is seized by the sheriff, written notice of its seizure must be served upon the defendant. La.C. Civ.P. art. 2721.
The defendant may contest the order of seizure, either by a suspensive appeal or by an injunction procedure to arrest the sale. La.C.Civ.P. art. 2642.
In the latter event, the debtor is entitled to an injunction without bond on numerous grounds. La.C.Civ.P. art. 2753. They include that the debt is not due, that the act evidencing the mortgage was the product of fraud or other illegality, and that the ex parte order directing the issuance of the writ of seizure and sale was not based upon sufficient or actual authentic evidence. The debtor is entitled to a full evidentiary hearing on his contentions that the sale should not be held. Cf. American Bank & Trust Co. v. Carson Homes, Inc., 316 So.2d 732 (La.1975).
In Fuentes v. Shevin, 407 U.S. 67, 92 S. Ct. 1983, 32 L.Ed.2d 556 (1972), Florida and Pennsylvania pre-judgment replevin proceedings were held to offend federal due process of debtor's rights. Upon ex parte allegations of the creditor, these proceedings permitted a creditor to effect seizure *114 of a debtor's property without prior notice to him nor any prior opportunity for him to be heard.
Shortly thereafter, based on Fuentes, the Louisiana seizure and sale by executory process, La.C.Civ.P. arts. 2631 et seq., and the Louisiana pre-judgment sequestration procedures, La.C.Civ.P. arts. 3571 et seq., were attacked as constitutionally invalid. Neither attack was successful.
Louisiana executory proceedings were held not invalidated by Fuentes in Buckner v. Carmack, 272 So.2d 326 (La.1973). Based essentially upon the safeguards above set forth, we held that our executory proceedings afford a debtor adequate opportunity to assert defenses and objections and that issuance of the order of seizure did not rest upon the ex parte allegation of the creditor. The United States Supreme Court indicated that this result was correct when it dismissed the appeal to it "for want of a substantial federal question". Carmack v. Buckner, 417 U.S. 901, 94 S.Ct. 2594, 41 L.Ed.2d 207 (1974).
Some two weeks earlier, the United States Supreme Court had rejected Fuentes-based attacks on our Louisiana pre-trial sequestration seizure. Mitchell v. W. T. Grant Company, 416 U.S. 600, 94 S. Ct. 1895, 40 L.Ed.2d 406 (1974). The sequestration procedure gave the debtor at least the protections afforded him in executory proceedings. Based upon these safeguards (including that the writ did not issue simply upon conclusory allegations of the creditor) and the "judicial control of the process from beginning to end", 94 S. Ct. 1904-05 our high tribunal held these pre-trial seizure procedures did not offend due process, even though the debtor was afforded no opportunity to contest the seizure prior to his dispossession by it.
Both Carmack and Mitchell involved orders of seizure signed by a judge, not a clerk. Mitchell noted this circumstance and expressly left open the validity of procedures based upon an order signed by a clerk. See footnote 5 at 94 S.Ct. 1895.

II.
In its excellently reasoned opinion, the court of appeal held that the Fuentes-Mitchell test of constitutionality was not met where the clerk of court instead of a judge signs the order of seizure.
The shifting rationales of our nation's high court indicate, a substantial basis for this holding. The rationale of Mitchell itself is not entirely clear. See Notes, 35 La.L.Rev. 451-46 (1975), 35 La.L.Rev. 221 (1974), 49 Tul.L.Rev. 467 (1975).
Furthermore, since Mitchell a George pre-trial garnishment proceeding was held to be invalidated for Fuentes reasons where, upon the creditor's affidavit, a court clerk was under a mandatory duty to issue a writ garnishing the debtor's bank account. North Georgia Finishing, Inc. v. Di-Chem Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). Our nation's high court there noted that the debtor's bank account was "put totally beyond use . . . by a writ of garnishment issued by a court clerk without notice or opportunity for an early hearing and without participation by a judicial officer." 95 S.Ct. 722. In noting the infirmities of the procedure, including the lack of opportunity for an early hearing, the court also stated: "The writ is issuable, as this one was, by the court clerk, without participation by a judge." 95 S.Ct. 722.

III.
Nevertheless, although with some diffidence, we conclude that Louisiana's executory proceedings do not deny a debtor due process because an order of seizure and sale is signed by a clerk instead of by a judge.
In the first place, the safeguards to the debtor are far greater than in the prejudgment seizures invalidated by Fuentes *115 and North Georgia Finishing. Unlike these latter invalidated proceedings, Louisiana executory process is issued not upon conclusory allegations by the creditor but instead upon narrowly circumscribed proof, such as authentic evidence and a confession of judgment. Also, unlike the invalidated procedures, the Louisiana executory process provides for an early opportunity for the debtor to contest and set aside a seizure as unjustified in law or in fact. See Mitchell.
In the second place, the clerk upon signing the order of seizure and sale is under no less a duty than is a judge to satisfy himself that the requirements of law have been met before the order to issue the writ is signed. La.C.Civ.P. 2638 (quoted in footnote 3); Buckner v. Carmack, 272 So. 2d 326 (La.1975).
In this latter instance, the clerk is exercising a quasi-judicial power[4] authorized by the constitution (La.Const. of 1974, Art. V, Section 28(A); La.Constitution of 1921, Art. VII, Sections 37, 66) and by statute (La.C.Civ.P. art. 283). See the holding to this express effect in McCoy v. Hunter, 167 La. 1032, 120 So. 767 (1929) and see also the decisions therein cited. Actions by the clerk may be nullities if in excess of the specifically granted and narrowly limited judicial and quasi-judicial powers granted to him. Hicks v. Hughes, 223 La. 290, 65 So.2d 603 (1953). (In Louisiana, the parish clerks are also granted limited judicial powers to confirm and sign judgments by default, etc., for small claims. La.C.Civ.P. art. 284.)
As we apprehend them, the emphasis in the Fuentes, Mitchell and North Georgia Finishing decisions is upon a judicial officer's examination of the creditor's petition to assure that the ex parte seizure is based upon legal and factual reason rather than merely at the direction of the creditor or automatically upon his conclusory allegations. We can see no constitutional necessity that this state officer be one holding the office of judge itself, nor can we find constitutional prohibition against delegation to an officer other than judge of the signing of an order of seizure and sale; especially when such officer has the duty and discretion to decide whether the creditor has made the narrow and specific showing upon which the legislature has authorized issuance of the writ of seizure and sale under executory process.
As suggested in Mitchell, the concept is that the debtor should not be "at the unsupervised mercy of the creditor and court functionaries". 94 S.Ct. 1904. Rather, "a state official" should make "at least a summary determination of the relative *116 rights of the disputing parties before stepping into the dispute and taking the goods from one of them." 94 S.Ct. 1904 (Italics ours).
The concept thus enunciated is that the basis for the pre-judgment seizure must be established before a neutral officer of the state, not necessarily a judge himself. Prior to the ex parte seizure, this neutral officer must determine that legal and adequate basis for the seizure has been established, and he must have discretion to deny the pre-judgment seizure sought if such basis has not been established.
If we additionally consider the judicial control exercisable by the readily and immediately available judicial review of the seizure and (if justified) rescission of it, see Mitchell, the signing of the order by a clerk exercising a quasi-judicial function is no less and no more constitutionally deficient than is the action of a judge in doing so. The statute narrowly limits the availability of the remedy and requires fairly certain proof of the creditor's right to use it. The duty to sign or refuse to sign the order of seizure and sale is the same, whether the officer authorizing the remedy be the judge or the clerk.
We are thus unable to find any reason rooted in constitutional necessity to invalidate the order for executory process because signed by the clerk in a quasi-judicial capacity rather than by the judge himself. We therefore must overrule the court of appeal's decree.

IV.
The debtor alternatively urges that the deficiency judgment cannot be entered against him on yet another ground. He contends that, at the time of the initial sale under executory process, he did not receive the notice of seizure and the notice to appoint appraisers which are pre-requisite to his being subjected subsequently to a deficiency judgment.
The court of appeal did not reach this issue. The usual policy of this court in such instances is to remand the case to the intermediate court for consideration of those issues not passed upon by it, when resolution of them is necessary before entry of final decree.

Decree
For the reasons assigned: The judgment of the court of appeal is reversed. This case is remanded to it for further proceedings consistent with our opinion. The costs of the review in this court are to be taxed against the defendant; all other costs to be determined on remand.
Reversed and remanded.
BARHAM, J., does not participate.
NOTES
[1] An authentic act is one executed before a notary in the presence of two witnesses. La.Civ.C. art. 2234.
[2] A confession of judgment by authentic act is imported when the obligor acknowledges the obligation secured by mortgage or privilege and confesses judgment whether before or after its maturity. La.C.Civ.P. art. 2632.
[3] Article 2638 provides: "If the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage or privilege, as prayed for and according to law.

As the Official Revision Comment notes: "In the absence of any injunction to arrest the seizure and sale, the order rendered by the court directing the seizure and sale of the property is the only action taken by the court in an executory proceeding." The order is not, however a judgment in any technical sense, Reed v. Meaux, La., 292 So.2d 557, 572 (1973), although it is appealable. La. C.Civ.P. art. 2642.
[4] A quasi judicial function is one which involves the use of some discretion, but of a type different from a judicial decision. State ex rel. Board of Liquidation of City Debt v. Briede, 117 La. 183, 41 So. 487, 489 (1906) contained the following language:

"The duty, quasi judicial, is defined generally as a duty lying in the judgment or discretion of an officer other than a judicial officer. Throop, Public Offices, Sec. 533.
"The function is not strictly judicial, nor, on the other hand, ministerial. It is midway between the two; that is, quasi judicial. When an officer is charged with looking into and acting upon facts `not in a way which it specifically directs, but after a discretion, in its nature judicial, the function is termed quasi judicial.' Bishop on Contract Law, Section 785 et al."
It is distinguishable from a ministerial function, as to which there is no occasion to use judgment or discretion. See In re Perez, 194 La. 763, 194 So. 774, 776 (1940) and Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739, 740 (1948). In Lemoine v. Ducote, 45 La.Ann. 857, 12 So. 939, 940, (1893), this Court defined the term "ministerial act", as follows:
"A ministerial act may be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the acts being done."
See also Black's Law Dictionary, verbo "Ministerial", "Ministerial Act", "Quasi Judicial", and "Quasi Judicial Act" (Rev. 4th ed., 1968).