459 So.2d 115 (1984)
Max Henry THORNTON, Jr. and Emily Langford Thornton, Plaintiffs-Appellants,
v.
HERITAGE FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.
No. 16541-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
Jack D. Barnett, Shreveport, for plaintiffs-appellants.
Adams & Wyche by Aylmer M. Wyche, III, Benton, and Shuey & Smith, Shreveport, for defendant-appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
Plaintiffs appeal a judgment that sustained an exception of no cause of action and dismissed their suit for damages against defendant Heritage Federal Savings & Loan Association.
Plaintiffs essentially attempted to allege facts in their 1982 action which might imply, however unsuccessfully, that a 1981 foreclosure under executory process brought against them by Heritage constituted either an abuse of process, a malicious prosecution, or a "wrongful" seizure.
We affirm that part of the judgment sustaining the exception, but set aside the judgment insofar as it dismisses plaintiffs' action. We remand to allow plaintiffs a delay in which to amend their pleadings. CCP Art. 934.

*116 PLAINTIFFS' ALLEGATIONS
Plaintiffs alleged that Heritage brought executory proceedings against them on Heritage's allegations that plaintiffs' indebtedness had become due because plaintiffs had not paid the installment payments for four months; that since June 1977, plaintiffs had "regularly" been "two and three months in arrears" and that a "long standing course of conduct" between plaintiffs and defendant was for plaintiffs to make past due installment payments when defendant would remind plaintiffs by telephone. Plaintiffs alleged that they should have been so "contacted" by defendant before the filing of the petition for executory process and that they had been "forced" to pay defendant "fees and expenses ... to stop the foreclosure" and had to refinance "at a rate of interest more than twice as great" as they were previously paying to Heritage.
Plaintiffs prayed for the difference in the interest they had contracted to pay another, for the fees and expenses they paid defendant, and for damages for their "embarrassment and anguish of being suddenly, and without warning, subjected to a foreclosure proceeding."

THE CAUSE OF ACTION
Plaintiffs do not attempt to "label" their cause of action or to frame their scant factual allegations to any doctrine other than their entitlement to money damages, apparently under CC Art. 2315. Plaintiffs argue in brief that the "doctrine of forbearance" bars a creditor from demanding strict performance of an obligation without notice or warning and that Heritage's practice of a "sudden-death foreclosure ... offends public policy [and] is unethical, oppressive, unscrupulous and does substantial injury to consumers." Plaintiffs cite to us, but did not cite to the lower court, the Consumer Protection Law.
In Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La.App.2d Cir.1978), we employed the Consumer Protection Law, LRS 51:1405(A) to find a non-judicial repossession by a creditor to be an unfair trade practice, offensive to public policy. Compare Buckner v. Carmack, 272 So.2d 326 (La.1973), where executory process was considered. In Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976), writ ref., forbearance or waiver was employed under particular facts to enjoin executory process where late payments were always accepted. Other cases cited by plaintiffs are also inapposite to the factual allegations here made by plaintiffs and to the procedural posture of this case.
Plaintiffs did not attempt to enjoin executory process or to use the alleged forbearance as a defense. An executory proceeding may be arrested on grounds that enforcement of the debt is premature. CCP Art. 2753(2). Buckner v. Carmack, supra. The effect of prematurity may be waived. See CCP Art. 926.
Plaintiffs do not assert that the debt on which Heritage sued was not owed, but argue that its maturity was not accelerated. Having paid the debt, plaintiffs could not obtain restitution. CC Arts. 2303, 2307.
When an exception of no cause of action has been filed, we are required to consider the factual allegations of the petition in a broad light and to give every reasonable interpretation to the petition that might maintain its sufficiency. Weldon v. Republic Bank, 414 So.2d 1361 (La. App.2d Cir.1982).
Plaintiffs' factual allegations, however, fail to allege a cause of action either for malicious prosecution (Robinson v. Goudchaux's, 307 So.2d 287 (La.1975)); for abuse of process (Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La.App.2d Cir. 1978)); for an illegal or unlawful seizure (Burris v. Gay, 324 So.2d 11 (La.App.2d Cir.1975), writ ref.); or for an "unfair trade practice" (Moore, Buckner, supra).
Plaintiffs may be able to amend their petition to remove the grounds for the exception. Where the grounds for the exception may be removed by factual amendment, the judgment sustaining the exception *117 should not dismiss plaintiffs' petition until plaintiffs are allowed a delay in which to amend. CCP Art. 934. Accordingly, we shall amend the judgment to set aside the dismissal and to grant plaintiff a delay in which to amend.

DECREE
The judgment sustaining the exception of no cause of action is affirmed at appellants' cost. Insofar as the judgment dismisses plaintiffs' action, it is set aside and is amended to grant plaintiffs 10 days from the date this opinion becomes final to amend their petition to state a cause of action, in default of which, plaintiffs' action shall be dismissed. CCP Art. 934. The case is therefore remanded.
AMENDED, AFFIRMED, and REMANDED.