LEBLANC, Judge.
Plaintiff, Citizens Bank & Trust Company, moves to dismiss the appeal of defendant, Jacqueline Carr, on the basis that it was taken untimely.
This is a suit for executory process to enforce a collateral mortgage executed by defendant. The collateral mortgage secures a promissory note dated January 18, 1985, in the original amount of $100,000.00. In the collateral mortgage, defendant waived citation and all notices and delays, including the three day notice provided by La.Code Civ.P. art. 2639.[1] On June 23, 1986, the trial court signed an order directing the seizure and sale of the mortgage property. On June 25, 1986, the Clerk of the district court issued a writ of seizure and sale to the Sheriff. On July 10, 1986, defendant filed a motion for suspensive appeal from the order of seizure dated June 23, 1986.
Plaintiff contends the appeal should be dismissed as untimely since the motion for appeal was filed more than 15 days from the signing of the order directing the issuance of the writ. La.Code Civ.P. art. 2642. Defendant opposes the motion to *218 dismiss stating, “[u]nder the applicable constitutional provisions of notice and opportunity to be heard, notice runs from service of process, and not from the day the order of seizure was surreptitiously signed by the Court ...”
Defendant’s argument fails to take into consideration the ex parte nature of executory process. See comments to article ■ 2642. Since defendant waived citation and all delays including the demand for payment, the first notice she was entitled to was notice of the seizure by the Sheriff.[2] After the property has been seized, written notice of its seizure must be served upon the defendant. La.Code Civ.P. art. 2721. See Hood Motor Company, Inc. v. Lawrence, 320 So.2d 111 (La.1975). This statutory scheme has been held constitutional. Buckner v. Carmack, 272 So.2d 326 (La.1973). Therefore, since notice was neither constitutionally nor statutorily required, defendant’s argument is without merit.
Article 2642 is clear; defendant had 15 days from the signing of the order to take a suspensive appeal.[3] First Federal Savings & Loan Association of Opelousas v. Manuel, 479 So.2d 379 (La.App. 3rd Cir.1985). See also Zulu v. Washington, 487 So.2d 1248 (La.App. 1st Cir.1986). Once that delay has run, the Code of Civil Procedure provides alternative remedies, including an injunction to arrest the seizure and sale as provided in La.Code Civ.P. art. 2751. See Buckner, supra, at p. 331.
Cost to appellant.
APPEAL DISMISSED.

. La.Codes Civ.P. art. 2639 provides:
"Before issuing the writ of seizure and sale, the clerk shall issue a demand upon the defendant for payment of the amount due and all costs of court. This demand shall notify the defendant that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the property described in the petition will be seized and sold according to law.”
"The demand for payment need not be issued if it has been waived by the debtor in the act of mortgage or privilege; and in such event, the clerk shall issue the writ of seizure and sale immediately."

. Plaintiff mailed defendant a letter demanding payment on February 26, 1986 and formally placed defendant in default by letter dated May 15, 1986.

. Neither an application for new trial nor a devolutive appeal are permitted. See comments under art. 2642.