GUIDRY, Judge.
The defendants, Bryan R. Staton and Phyllis P. Staton d/b/a Bryan’s Trading Post, appeal a judgment requiring defendants to remove their personal and movable property and the personal property of third persons from premises owned by plaintiff, New Iberia National Bank.
The premises involved in the instant suit were seized and sold by executory process in partial satisfaction of debts owed by the defendants. The premises sold included a house trailer used by defendants as their home. Plaintiff was the successful bidder at the judicial sale. A formal act of sale conveying the property to plaintiff was executed and recorded on May 28, 1985. Upon motion of plaintiff, a writ of possession, pursuant to La.R.S. 13:4346, was issued. The writ was executed on May 8, 1986. At the time of their eviction, defendants had personal and movable property on *36 the premises. Movable property belonging to third persons was also on the premises.
At trial defendants challenged the constitutionality of La.R.S. 13:4346 arguing that the notice requirements set forth therein do not comport with constitutional due process. The trial court found no merit in defendants’ contention. On appeal defendants urge trial court error in this regard.
The constitutionality of Louisiana’s executory proceedings was considered in Buckner v. Carmack, 272 So.2d 326 (La.1973), appeal dismissed, 417 U.S. 901, 94 S.Ct. 2594, 41 L.Ed.2d 207 (1974). In Buckner, the court held that the notice and hearing requirements provided for in exec-utory proceedings were sufficient to satisfy due process. The Writ of Possession statute, La.R.S. 13:4346, states:
“Whenever a sheriff or constable acting under a writ of fieri facias, seizure and sale, or other order of sale, sells and adjudicates immovable property, and the occupant thereof does not deliver possession thereof on demand to the purchaser after the latter has paid the price of adjudication and has received an act of sale from the sheriff or constable, and due return has been made on the writ or order of sale, the clerk of the court which issued the writ or rendered the order, on the written demand of the purchaser, his agent, or attorney at law, shall issue a writ of possession. This writ shall be addressed to the sheriff or constable, commanding him to put the purchaser in physical possession of the property sold, in the same manner as now provided by law for other writs of possession.”
Thus, a writ of possession can be issued only after a judicial sale and then only after demand is made on the occupant to vacate. The occupant is given adequate notice and opportunity for hearing prior to the judicial sale, which is well before the writ is issued or executed. La.R.S. 13:4346 is constitutional.
Appellants next urge that the procedure prescribed in La.R.S. 13:4346 was not properly followed in the instant case. Appellants state that they received no demand to vacate the premises prior to the issuance of the writ of possession. In their brief, reference is made to formal written notice being required by La.R.S. 13:4346. Formal written notice is provided for in the exec-utory proceedings which precede the issuance of the writ of possession. Only a demand to vacate is required by La.R.S. 13:4346. The record clearly reflects that appellants received such demand on at least two occasions.
Finally, appellants argue that they were evicted from their personal property in violation of La.R.S. 13:3881. The defendants filed a unique motion in the trial court entitled a “Motion and Order to Restore Seized Property”. The defendants did not request damages in their motion. The trial judge rendered judgment in favor of defendants providing for restoration of their personal property. Appellants secured all the relief which they sought under their motion and have no cause for complaint.
For these reasons, the judgment appealed from is affirmed at appellants’ cost.
AFFIRMED.