565 So.2d 1078 (1990)
Dorothy B. NELSON
v.
Dorothy WALDRUP.
No. 89-CA-2397.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1990.
J. Courtney Wilson, Metairie, for plaintiff-appellant Dorothy Nelson.
Albert H. Hanemann, Jr., Bryan C. Misshore, Lemle & Kelleher, New Orleans, for defendant-appellee Dorothy Waldrup.
Before GARRISON, KLEES and CIACCIO, JJ.
KLEES, Judge.
This is an action alleging legal malpractice against the defendant, Dorothy Waldrup. We affirm.
Plaintiff Dorothy Nelson filed a claim with the Equal Employment Opportunity Commission (EEOC) alleging sexual harassment by her former employer, Leitz-Eagan Funeral Home, Inc. Miss Nelson was fired after Mr. Eagan learned that she misrepresented her status as a graduate from Delgado College. On July 22, 1985, and again by letter dated August 13, 1985, EEOC attorney Jeffrey Agular informed *1079 Miss Nelson that the EEOC would not be seeking back pay and lost wages on her behalf but would only seek injunctive relief. Mr. Agular further informed Miss Nelson that she had the right to hire private counsel to intervene in the case and thus protect her interests.
On August 21, 1985, Miss Nelson took that letter to attorney William Noland who agreed to represent Miss Nelson by filing the intervention. (Noland was also sued in this action but was later dismissed). Mr. Noland's office repeatedly assured Miss Nelson during the next few weeks that her interests were being protected. However, on September 27, 1985, Mr. Noland informed Miss Nelson that he would not represent her (no intervention had been filed at that time).
Miss Nelson then took the letter to defendant/attorney Dorothy Waldrup's office on October 2, 1985. Miss Waldrup told Miss Nelson that she would be leaving town on October 4, 1985 and would not return until October 9, 1985, and that she would file the intervention subsequent to her return. While Miss Nelson was still in her office, Miss Waldrup spoke with Mr. Agular concerning her representation of Miss Nelson and the continuation of a status conference which was to be held on October 3, 1985, before a U.S. Magistrate. Mr. Agular agreed to the continuance. Miss Waldrup then called the magistrate's office and was advised by the law clerk that the status conference would be rescheduled in two weeks.
Upon Miss Waldrup's return she went to the EEOC to inspect their files for information in order to file the intervention. Miss Waldrup later examined the court records and discovered that the EEOC and Leitz-Eagan had already negotiated a consent decree sometime between August 27 and October 3, 1985. That decree was signed by the magistrate on October 9, 1985. Miss Waldrup had no prior knowledge of any ongoing negotiations between the parties. She filed an intervention on October 16, 1985, which was denied.
Miss Nelson subsequently filed this suit against Miss Waldrup alleging legal malpractice. The trial court found in favor of Miss Waldrup, and Miss Nelson took this appeal.
In an action for legal malpractice, the plaintiff must show that the attorney failed to exercise that degree of care, skill and diligence which is exercised by prudent practicing attorneys in his locality; however, he is not required to exercise perfect judgment in every instance. Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972); Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982). The burden then shifts to the defendant attorney to prove that the client could not have succeeded on the original claim. Jenkins, supra.
In a case of obvious negligence, the court may, without expert testimony, take judicial notice of a legal duty which was breached by an attorney. Ramp v. St. Paul Fire & Marine Ins. Co., supra. Although this case is one involving timeliness, it is not a case of obvious negligence such as missing a set and determinable prescription date as was the situation in Jenkins. Miss Nelson presented no expert testimony in this case, and the trial court was not erroneous in refusing to take judicial notice that Miss Waldrup's conduct was substandard. Plaintiff claims that Miss Waldrup should have taken additional steps to ensure that no further action was taken in the case, such as contacting the attorney representing Leitz-Eagan and confirming the continuance by letter to both attorneys and the judge. Miss Waldrup was presented with very little information by her client, and took steps to satisfy herself that nothing further would be done in the case until she had time for more extensive research. The only expert testimony in the case was presented by defendant's expert, and that testimony stated that Miss Waldrup was correct in relying upon the assurances of Mr. Agular and the presiding magistrate's law clerk.
We find that the plaintiff in this case failed to meet her initial burden of proof. Thus it is not necessary for us to decide whether Miss Nelson would have been successful *1080 in her claim if not for the actions of Miss Waldrup.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.