746 So.2d 629 (1999)
Michael JOHNSON
v.
Darryl J. TSCHIRN and The Home Insurance Company.
No. 99-CA-0625.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1999.
Writ Denied January 7, 2000.
*630 Robert H. Matthews, Jacques F. Bezou, Bezou & Matthews, New Orleans, Louisiana, Counsel for Plaintiff-Appellant.
Roy J. Rodney, Jr., Richard B. Ehret, Stephen J. Moore, Kim M. Boyle, Rodney, Bordenave, Boykin, Bennette and Boyle, New Orleans, Louisiana, Counsel for Defendants-Appellees.
Court composed of Chief Judge ROBERT J. KLEES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III.
KLEES, Chief Judge.
In this legal malpractice suit, plaintiff, Michael Johnson, appeals a summary judgment in favor of defendants, Darryl J. Tschirn and The Home Insurance Company.

FACTS:
Michael Johnson ("Johnson") sued Darryl Tschirn ("Tschirn") alleging that Tschirn was negligent in his representation of Johnson in a prior lawsuit brought in federal court against Southern Pacific Transportation Company ("SPTC"), Johnson's former employer.
This underlying action was based upon the Federal Employer's Liability Act ("FELA") and alleged that SPTC was liable for injuries Johnson received on September 27, 1990 in an alleged workplace assault between him and another SPTC employee, Tommy McGill ("McGill"). Specifically, Johnson testified, in his deposition in the FELA action, that he and several other SPTC employees were called to work overtime to repair damages to a track caused by the derailment of a train car. Following the repair work, Johnson testified that a dispute arose between he and McGill over whether the work site should be cleaned up that night or the following morning. Johnson, being the senior assistant foreman, testified that he instructed McGill to go home and that he stayed to clean up the site. McGill also testified that Johnson "made the statement that he wanted to pick them up and if we didn't want to pick them up, we all could just go home." Shortly thereafter, Johnson testified that McGill knocked him down and began kicking and punching him for at least thirty minutes. McGill testified, in his deposition, that he had never been in any fights prior to this altercation and that he had never been disciplined for anything while employed at SPTC.
SPTC moved for summary judgment alleging that SPTC was not liable for Johnson's damages under FELA because McGill was not in the course and scope of his employment when he attacked Johnson and because McGill's actions were not foreseeable by SPTC. On August 23, 1991, the federal court granted SPTC's Motion for Summary Judgment and dismissed Johnson's claims against SPTC with prejudice. The Fifth Circuit affirmed the decision *631 of the trial court dismissing the action. 971 F.2d 747 (5th Cir.1992).
In this malpractice suit, Johnson argues that Tschirn was negligent in failing to depose several SPTC employees, who were present on the night of the assault, to show that there were genuine issues of material fact. Johnson argues that Tschirn's failure to submit those depositions, along with his opposition to SPTC's Motion for Summary Judgment, caused the dismissal of his lawsuit. In response to Johnson's petition, Tschirn filed a Motion for Summary Judgment on the grounds that he was not negligent and that the underlying case could not have been won.
On August 19, 1998, the trial court granted Tschirn's, and his insurer's, Motion for Summary Judgment. In her oral reasons for judgment, the trial judge stated:
There is no question that both of these parties were in the course and scope of their employment at the time that this incident happened. The next prong of that was whether or not the employee was acting in the interest of the company...[t]he Court does not  based on the evidence and evidence that may be presented in the deposition testimony that has been taken, the Court does not find that...it was simply a situational confrontation between Mr. Johnson and Mr. McGill. And the fact that the argument ensued, the Court does not find was one that was acting in the interest of the company for "safety".
Further, the trial judge found that SPTC did not know "of the propensity of Mr. McGill with regard to violence" and that "there is no substantial evidence to indicate to the Court that Mr. McGill was in fact intoxicated." Johnson appeals this final judgment.

DISCUSSION:
On appeal, Johnson assigns three errors by the trial court: (1) that the trial court erred in granting Tschirn's motion for summary judgment; (2) that the trial court erred in placing the burden of proof on Johnson to show that he could have won the underlying suit; and (3) that the trial court erred in failing to consider Johnson's separate claim for damages as a result of Tschirn's negligence unrelated to the damages suffered by Johnson because of the loss of his opportunity to prove his underlying claim against the railroad.
Appellate courts must review summary judgments de novo. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). If the adverse party does not produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
The next issue we will address is whether the trial court erred in placing the burden of proof on Johnson to show that he could have won the underlying suit. Jurisprudence holds that a claim for legal malpractice is stated when the plaintiff alleges there was an attorney-client relationship, the attorney was guilty of negligence in his relationship with the client, and the plaintiff sustained some loss because of the attorney's conduct. Nelson v. Waldrup, (La.App. 4 Cir.) 565 So.2d 1078, *632 writ denied 569 So.2d 962 (La.1990); Jenkins v. St. Paul Fire and Marine Ins. Co., 422 So.2d 1109 (La.1982). Plaintiff must meet this initial burden of proof before the burden "shifts to the defendant attorney to prove that the client could not have succeeded on the original claim." Nelson at 1079. Accordingly, before we can fully address this issue, we must first decide whether Johnson met his burden of proving that Tschirn was negligent in failing to depose Johnson's co-employees.

WHETHER TSCHIRN WAS NEGLIGENT IN HIS REPRESENTATION OF JOHNSON'S FELA CLAIM
Under the FELA, a railroad employer is liable for injuries to a railroad employee caused by the negligence of any officer, agent, or employee of the railroad. 45 U.S.C. § 51. Further, a railroad employer may be liable for intentional acts by fellow employees under either respondeat superior or direct negligence theory. Mullahon v. Union Pacific Railroad, 64 F.3d 1358, 1362 (9th Cir.1995). Under the respondeat superior theory, "an employer is liable for the intentional assaults committed by its employee in furtherance of the employer's business." Taylor v. Burlington Northern Railroad, 787 F.2d 1309, 1314 (9th Cir.1986). Under the direct negligence theory, "an employer is liable if it fails to prevent reasonably foreseeable danger to an employee from intentional or criminal conduct." Id. at 1315.
The discovery conducted in this underlying claim produced: a copy of McGill's employment application; a copy of his personnel records; a copy of SPTC's employment rules prohibiting fighting on the job; a copy of the recorded statements of each of the crew members known to have been at the scene of the alleged altercation; the depositions of Johnson and McGill; and a urinalysis test given by McGill following the alleged altercation. The records reflect that McGill, prior to the altercation with Johnson, had never been arrested for any crimes nor had he ever been disciplined while employed with SPTC. SPTC's rule 608 provides that "[e]mployees must not enter into altercations, play practical jokes, scuffle or wrestle on duty or on company property." The urinalysis test showed that McGill had tested negative for both alcohol and drugs following the assault with Johnson. The depositions of both Johnson and McGill reveal that the altercation arose over whether or not to finish the clean up that night or the following morning. As stated in McGill's deposition,
`And the rest of the gang said, well, let's pick up these ties. And I suggested to Michael [Johnson] that the ties be left until morning. It had been a long day for me and a long night. The ties were in the ditch clear of the walkway...I suggest that we leave them. And Michael [Johnson] made the statement that he wanted to pick them up, we all could just go home...He [Johnson] didn't order us to stay and pick them up."
Because of this legal malpractice claim, Tschirn deposed Johnson's co-workers to determine precisely how they would have testified. After reviewing the deposition testimony of Johnson's co-employees, we find that the depositions merely reiterate Johnson and McGill's testimony that a dispute arose between the two over whether the work site should be cleaned up that night or the following morning. The coworkers' depositions failed to present sufficient evidence that McGill was acting in furtherance of SPTC's interest in promoting safety when he brutally attacked Johnson. Further, we find no sufficient evidence in the co-workers' depositions that SPTC was negligent in hiring, supervising or failing to fire McGill. The depositions failed to reflect that SPTC had knowledge of McGill's violent temperament or that McGill was in fact intoxicated the night of the altercation. In light of the foregoing discovery, we do not find that Tschirn was negligent in failing to depose the co-workers in opposition to SPTC's motion for summary judgment.
*633 Because we find that Johnson failed to meet his burden of proof that Tschirn was negligent, it is not necessary for us to decide whether Tschirn would have proven that the underlying case could not have been won. Additionally, because Tschirn's conduct was not negligent, we will not address Johnson's second issue on whether he has a separate claim for damages.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.