|,SOL GOTHARD, Judge.
Plaintiff appeals from the trial judge’s ruling granting summary judgment and dismissing his suit against defendant Marc E. Johnson. For the reasons that follow, we affirm the decision of the trial court.
In November of 1997, Mr. Turner purchased a tractor truck from Parish Sales, Inc. The purchase was financed by Associates Commercial Corporation. The financing agreement provided that Turner was to make 42 payments of $1,228.00, and a final payment of $51,579.36. The agreement further provided that if a payment was missed, the loan would be accelerated and the entire amount of indebtedness would be due.
On December 3, 1998, Associates filed a petition for executory process, alleging that Turner was delinquent in his payments. A Writ of Seizure and Sale was issued.
In August of 1999, Associates filed a Rule to Produce Chattel, requesting an order requiring Turner to produce the truck. The Rule was set for October 1999, but was reset when service was not perfected. Turner was served on November 25, 1999, and the Rule was held on December 21,1999.
|3Shortly before the December hearing, Turner contacted Marc Johnson and asked for representation. At the hearing, Johnson requested a continuance and the matter was reset for February 1, 2000. The trial court informed the parties that Turner should settle the matter with Associates, pay the account, or turn over the truck.
Prior to the February hearing, Johnson contacted Associates. Johnson also asked Turner to provide all documentation to support his claim that he had made payments.
At the hearing on the Rule to Produce Chattel, the trial court found that the writ of seizure was valid and ordered Turner to produce the truck. The truck was sold at a Sheriffs Sale on June 7, 2000.
Mr. Turner instituted this present suit on January 31, 2001, against Parish Truck Sales, Associates, Inc., and Marc Johnson. Specific to this appeal, Turner alleged that Johnson committed legal malpractice in his representation, which caused him to lose the truck. Johnson filed a motion for summary judgment, which was granted by the trial court. This appeal followed.
LSA-C.C.P. art. 966 provides in pertinent part as follows:
. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
Summary judgments are now favored in the law and the rules should be applied liberally. Breaux v. Schiro, 01-1398 (La.App. 5 Cir. 5/29/02), 821 So.2d 123, 125; writ denied, 02-1784 (La.10/4/02), 826 So.2d 1129.
|4On appeal this Court must review a summary judgment de novo and inquire whether there are genuine issues of material fact and whether the summary judgment should be granted in accordance with article 966. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
*246 Plaintiffs claim against Mr. Johnson alleges that Johnson committed legal malpractice in his representation of plaintiff.
A claim for legal malpractice is stated when the plaintiff alleges there was an attorney-client relationship, the attorney was guilty of negligence in his relationship with the client, and the plaintiff sustained some loss because of the attorney’s conduct. Nelson v. Waldrup, (La.App. 4 Cir.) 565 So.2d 1078, writ denied 569 So.2d 962 (La.1990); Jenkins v. St. Paul Fire and Marine Ins. Co., 422 So.2d 1109 (La.1982). Plaintiff must meet this initial burden of proof before the burden “shifts to the defendant attorney to prove that the client could not have succeeded on'the original claim.” Nelson, at 1079.
Johnson v. Tschirn, 99-0625 (La.App. 4 Cir. 9/29/99), 746 So.2d 629, 631-632, writ denied, 99-3077 (La.01/07/00), 752 So.2d 866.
In this case, the trial court dismissed plaintiffs claim against Johnson, finding that plaintiff failed to prove any negligence on Johnson’s part in his representation of plaintiff.
On appeal, plaintiff alleges that Johnson was negligent in failing to challenge the writ of seizure. Plaintiff alleges that there was insufficient service of the writ of seizure or the underlying petition for execu-tory process and that the writ of seizure had expired prior to the hearing date. Plaintiff further alleges that Johnson failed to present evidence of payment as a defense to prevent the seizure of the truck. Finally, plaintiff argues that Johnson was negligent in failing to preserve his right to appeal.
|sPlaintiff first alleges that the trial court erred in finding that he was properly served prior to the seizure and sale of his truck. He argues that service was insufficient because he was not served with the Petition for Executory Process or the Rule for Seizure and Sale, and was only served with the Rule to Produce Chattel.
Mr. Johnson had no ground to assert failure of service of the petition for execu-tory process since “Citation is not necessary in an executory process.” La. C.C.P. art. 2640. Johnson also had no ground to assert failure of notice of the writ of seizure and sale since it was never executed. La. C.C.P. art. 2721. Instead a Rule to Produce Chattel was directed to plaintiff, and plaintiff was properly served with that Rule. Accordingly, defendant was not negligent in failing to challenge the writ of seizure and sale based on insufficient notice.
Plaintiff next alleges that the trial court erred in finding that writ of seizure was not expired at the time of the Rule to Produce Chattel. He argues that the writ was expired because more than one year had elapsed from its issue when the Rule to Produce Chattel was held, and therefore defendant was negligent in failing to challenge the writ as untimely. Defendant responds that a writ of seizure does not expire with the passage of one year, and the writ was valid at the time of the Rule.
The codal articles pertaining to writ of sale and seizure do not provide for an expiration date. La. C.C.P. art. 2721 et seq. Plaintiff argues that a writ of sale and seizure is analogous to a writ of fieri facias (fifa), La. C.C.P. art. 2293, et seq., which expires one year from the date of issuance. La.C.C.P. art. 2294. The Code of Civil Procedure specifically enumerates those provisions which are applicable both to writs of fifa and writs of seizure and sale in La. C.C.P. art. 2724. The one year time limit for the execution of a writ of fifa is not set forth in art. 2724, and therefore does not apply to a writ of seizure and sale.
*247 | (¡Plaintiff next alleges that Mr. Johnson was negligent in failing to present evidence at the hearing, which would have prevented the seizure of his truekJn his reasons for judgment, the trial judge found that Mr. Johnson was not negligent, because Turner was unable to produce the evidence which Johnson could have used, stating that “[e]ven considering the application of one money order missed by Turner, Turner failed to provide evidence of October or November 1998 payments.” Plaintiff argues that the trial court erred in finding that he was unable to produce any evidence to Johnson that Johnson could have offered which would have prevented the seizure of the truck. Defendant responds that plaintiff had still not produced such evidence even at the summary judgment hearing in the instant case.
The financing agreement between Turner and Associates provided that the entire indebtedness would become immediately due and payable in the event that a scheduled payment was missed. Associates filed for executory process in December of 1998, alleging that Turner had not made payments from September 1998 forward, including the October and November 1998 payments. At the time of the hearing on the rule to show cause, Turner had not provided evidence of these payments. After termination of the attorney client relationship, Turner requested a trace on money orders, which he stated were used to make his payments. At the hearing on the motion to suppress, Turner was still unable to produce evidence that he had made the October and November 1998 payments.
In this argument, plaintiff relies on the case of Chrysler Credit Corp. v. Walker, 488 So.2d 209 (La.App. 4 Cir.1986). A careful reading shows that Walker is inapplicable to the matter at hand. In Walker, plaintiff filed for executory process alleging that defendant had not made a May payment, and then made a judicial admission that the defendant had made payments through May, and therefore the statement in the executory process petition was false. Further, l7although some of defendant’s payments were late, plaintiff accepted the late payments and the note was current at the time of the seizure. In this case, at the time of Rule to Produce Chattel, and even at the summary judgment hearing on this malpractice claim, Turner had still failed to produce evidence of the October or November payment and thus his note was not current.
Accordingly, the trial court was not in error in finding that plaintiff did not produce evidence which Johnson could have used to show proof of payment sufficient to prevent the seizure and sale of the truck.
Plaintiff also argues that Johnson committed malpractice in failing to assert claims for wrongful seizure. After the hearing of December 21,1999, in which the trial court granted defendant a continuance, the sheriff erroneously seized the truck. Shortly thereafter, the error was discovered and the truck was returned to plaintiff. In his opposition to defendant’s motion for summary judgment, plaintiff alleges that Johnson’s failure to assert a claim for damages was negligence. However, plaintiff had one year from the seizure, or until December of 2000, to pursue this claim. Johnson’s representation of plaintiff ended in February of 1999, well before the prescriptive period. Thus, assuming arguendo that plaintiff suffered damages as a result of the seizure, plaintiffs claim for such damages was not lost as a result of Johnson’s conduct.
Finally plaintiff alleges that the trial court erred in failing to find that Johnson committed malpractice by failing to preserve his right to appeal. Defendant responds that the trial court correctly concluded that there were no credible grounds on which to base an appeal.
*248 The grounds which plaintiff alleges would support his appeal are the same grounds that form the basis for his malpractice claims. Because we find that these grounds are without merit, we also find that the trial court was not in error in holding that the appeal would have been baseless.
|sFor the above discussed reasons, the trial court’s ruling granting summary-judgment and dismissing defendant Marc Johnson from this suit is affirmed. Costs are assessed to appellant.

AFFIRMED.