JUDE G. GRAVOIS, Judge.
| gDefendant, Carmiel Williams, appeals a July 19, 2013 trial court ruling which ordered him to produce mortgaged property — a Honda Ridgeline pickup truck — to plaintiff, Jefferson Financial Credit Union (“the Credit Union”), pursuant to a writ of seizure and sale that was issued on March 19, 2012. For the reasons that follow, we dismiss this appeal.

FACTS AND PROCEDURAL HISTORY

The record reflects that on February 15, 2012, the Credit Union filed a “Petition to Enforce Security Interest by Executory Process,” with attachments,[1] alleging therein that it held a promissory note executed by defendant secured by a security agreement on defendant’s Honda Ridge-line pickup truck. The petition also alleged that defendant was in default on the payments due on the promissory note, thereby maturing the entire principal balance thereof ($8,239.82). The petition prayed for the issuance of a writ of seizure and sale directed to any sheriff to seize and sell the vehicle to satisfy defendant’s said indebtedness.
lsThe trial court signed an order on February 23, 2012, directing that “executory process issue herein as prayed for, and according to [flaw.” The record reflects that the writ of seizure and sale was issued on March 9, 2012, and on March 19, 2012, the Jefferson Parish Sheriffs Office prepared a notice of seizure and sale of the subject truck, but the writ of seizure and sale was never executed because the truck could not be located. On February 26, 2013, the Credit Union filed a “Motion and Order to Produce Mortgaged Property,” seeking to rule defendant into court to produce the truck for seizure, asking alternatively that he be held in contempt of court. Initial attempts to serve defendant with the motion and order were unsuccessful. The trial court set the matter for a hearing on July 19, 2013. On June 17, 2013, defendant was located and personally served by a private process server with the motion and order to produce the mortgaged property.
*490 On July 11, 2013, defendant filed a “Motion to Transfer,” requesting that this matter be transferred to Division B of the 24th Judicial District Court, where, he alleged, he had filed suit against the Credit Union on September 23, 2011, requesting injunc-tive relief because, he alleged, the Credit Union had refused to accept his car payments.[2]
When the matter came up for a hearing on July 19, 2013, defendant asked the trial court to grant the motion to transfer this suit to Division B where his suit against the Credit Union was pending. He also noted that he had filed a motion to consolidate the two actions in the other suit pending in Division B. Counsel for the Credit Union stated that they were unaware of the other lawsuit.
The trial court informed defendant about the issuance of the writ of seizure and sale and ordered defendant to turn the vehicle over or face a sentence of time |4in jail for contempt of court.[3] Defendant argued that he could not produce the property because of the lawsuit pending in the other division, indicating also that he had in fact been paying the car note.[4] The trial judge disagreed that the other suit prevented her from ruling on the motion before her. The trial judge noted that the writ had already been issued, entitling the Credit Union to have the vehicle seized. Defendant was ordered to clean out his truck and deliver it to the Credit Union later that day.[5]
Defendant filed a “Motion for Appeal” on August 7, 2013, which was granted the next day. On appeal, he argues that the trial court erred in not dismissing this action on the grounds that defendant was not given notice as required in executory proceedings and was not served with the amended petition as required by statute. Second, defendant argues that the trial court erred in not dismissing the action even though the Credit Union alleged there was another case pending that involved the same transaction or occurrence and the same parties in the same capacities.

ANALYSIS

Upon review, for the following reasons, we pretermit discussion of defendant’s assignments of error. Louisiana Code of Civil Procedure article 2642 specifies that “defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspen-sive appeal from the order directing the issuance of the writ of seizure and sale, or both.” Article 2642 further Estates that “a suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order.”
As the court stated in Citizens Bank & Trust Co. v. Carr, 498 So.2d 217 (La.App. 1 Cir.1986), at 218:
*491 Article 2642 is clear; defendant had 15 days from the signing of the order [directing the seizure and sale of the mortgaged property] to take a suspensive appeal. First Federal Savings & Loan Association of Opelousas v. Manuel, 479 So.2d 379 (La.App. 3rd Cir.1985). See also Zulu v. Washington, 487 So.2d 1248 (La.App. 1st Cir.1986). Once that delay has run, the Code of Civil Procedure provides alternative remedies, including an injunction to arrest the seizure and sale as provided in La.Code Civ. P. art. 2751.
(Emphasis in original; footnote omitted.)[6]
Defendant did not appeal, suspensively or otherwise, the order of February 23, 2012 that ordered the writ of seizure and sale to be issued.[7] Nor did defendant file a petition for injunctive relief from the trial court’s order of July 19, 2013 to surrender the vehicle to the Credit Union pursuant to its motion to produce the mortgaged property. He filed a devolutive appeal on August 7, 2013, which, under Article 2642 as interpreted by Citizens Bank & Trust Co. v. Carr, as noted above, is an improper procedural vehicle to arrest the seizure and sale of the vehicle. Accordingly, we are compelled to dismiss this appeal.

CONCLUSION

For the foregoing reasons, this appeal is dismissed.

APPEAL DISMISSED.

. The attachments to the petition included the title to the track, the security agreement, and the credit agreement, with addendum.

. That suit, No. 706-138, entitled "Williams v. Jefferson Financial Credit Union, et al, in Division "B” of the 24th Judicial District Court, was dismissed pursuant to the Credit Union's declinatory exception of insufficient service and citation. That judgment is currently under appeal in this Court. "Williams v. Jefferson Financial Credit Union, et al, 13-1005.

. The codal articles pertaining to writs of seizure and sale do not provide for an expiration date, unlike the articles that apply to writs of fieri facias. Turner v. Associates Commercial Corp., 03-0224 (La.App. 5 Cir. 10/28/03), 860 So.2d 244.

. The transcript as a whole indicates that the trial judge intended to deny the motion to transfer, though no specific ruling was made.

. The Credit Union indicates in its appellate brief that defendant complied with the court's order to deliver the truck to the Credit Union.

. This record is devoid of information relative to whether the sale of the vehicle has already taken place.

. Comment (c) to Article 2642 makes clear that devolutive appeals are not permitted from an order directing the issuance of a writ of seizure and sale because of the likelihood of the mortgaged property being sold prior to the time of the hearing of the appeal, thus rendering the appeal moot.