ST. PAUL, X
 

 This is a suit by the trustee in bankruptcy of Leonard P. Akin to set aside as a fraudulent simulation a certain conveyance of lands and mineral rights in Claiborne parish; being a sale thereof made by said Akin to his brother-in-law, J. A. Tipton, on March 25, 1926.
 

 It must be admitted that this sale was made under circumstances that throw much suspicion on the reality thereof, but on the other hand the deed is in due form and the burden of proof is upon him who attacks it to show that the transaction was not a real one, but only simulated.
 

 The suspicious circumstances under which .the deed was passed need not be gone into in detail; suffice it to say that Akin conveyed the land and mineral rights to his brother-in-law (Tipton) just at the time that the divorced wife of said Akin was suing him for some $4,000, being about as much as all his visible property was then worth, said visible property consisting exclusively of the lands and mineral rights herein involved and other small landed properties also disposed of about the same time.
 

 The only witness called to impugn the sale was Akin. He testified that the sale was a genuine and bona fide transaction. But his testimony is so self-contradictory and improbable that little faith is to be attached to it. However, the mere fact that his testimony to the reality of. the transaction is entitled to no weight does not of itself establish as a fact that the contrary is true. So that there is in his testimony nothing on which to base a legally sound conclusion that the sale was simulated. It means simply that his testimony should be disregarded, leaving, therefore, in this record no testimony to impugn the sale.
 

 Nor can any weight be attached to the fact Tipton was not called to testify, on the theory that his testimony was withheld because it might be .against the interest of defendants. For Tipton is now dead and cannot testify; and his widow and children, who are the defendants here, cannot be prejudiced by their failure to produce evidence out of their power to produce.
 

 So that plaintiff has not shown, either by evidence produced by himself or by presumption arising from any suppression of evidence by the defendants, that the conveyance was not real. Hence, as we said at the beginning, the sale by Akin to Tipton may not be above suspicion, but is not shown by any species of legal evidence to have been simulated or fraudulent; and, the burden of proof being upon him and not upon defendant, plaintiff has failed to make out his case.
 

 We think the trial judge erred in setting aside the sale complained of.
 

 Decree.
 

 For the reason assigned, the judgment appealed from is reversed; and it is now ordered that the plaintiff’s demand be rejected at his costs in both courts.
 

 O’NIELL, O. X, absent.