# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                   NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**PER CURIAMS**:

2015-C -0530      THE BANK OF NEW YORK MELLON, ET AL. v. WHITNEY BLAINE SMITH, ET UX. (Parish of Grant)

For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court granting summary judgment in favor of George Dean, Jr. and Dean Morris, L.L.P. is reinstated.

.

SUPREME COURT OF LOUISIANA

NO. 2015-C-0530

THE BANK OF NEW YORK MELLON, ET AL.

VERSUS

WHITNEY BLAINE SMITH, ET UX.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF GRANT

PER CURIAM

We granted certiorari to determine whether private attorneys for a lender which improperly seized a home are entitled to judgment as a matter of law on the ground their actions did not violate 42 U.S.C. § 1983. For the reasons that follow, we find the district court properly granted summary judgment, and the court of appeal erred in reversing that judgment.

**FACTS AND PROCEDURAL HISTORY**

Whitney Blaine Smith and Pamela Smith entered into a residential mortgage contract with Saxon Mortgage Services ("Saxon"), which was secured with a promissory note on the Smiths' home in Grant Parish. The Smiths later failed to make their installment payments beginning June 1, 2004. Two months later, Mr. Smith died in an automobile accident.[1]

On November 4, 2004, J.P. Morgan Chase Bank ("Chase"), as trustee for Saxon, filed suit for executory process against the Smiths, seeking to deliver a notice of seizure to Ms. Smith. The petition alleged it attached certified copies of the promissory note and mortgage in support of executory process. Chase was

---

[1] Ms. Smith takes the position that there was a life insurance policy which should have paid off the loan upon Mr. Smith's death. This issue is not before the court, but is the subject of litigation in federal court.

represented by attorney George Dean, Jr. and the law firm Dean Morris, L.L.P. in the executory proceedings.

On November 10, 2004, Dean Morris, L.L.P. received a copy of the original promissory note and mortgage. The promissory note contained an unsigned stamp stating "PAID AND CANCELLED JP MORGAN CHASE BANK" and includes a handwritten "X" over the stamp, with the date November 8, 2004.

On November 11, 2004, Ms. Smith, through her counsel, sent a letter via certified mail to Kathy Larson, a Saxon employee, indicating the executory foreclosure was improperly supported. On November 18, 2004, Ms. Larson forwarded copies of the November 11, 2004 letter to an attorney at Dean Morris, L.L.P., advising "[a]s you can see, he [Ms. Smith's attorney] believes that Saxon cannot proceed by executory process. . . ." However, Dean Morris, L.L.P. did not stop the seizure.

On December 8, 2004, the Grant Parish Sheriff's Office delivered a notice of seizure to Ms. Smith. The seizure under executory process was constructive, allowing the debtor thirty days to defend against the actual seizure of the collateralized property.

Ms. Smith, fearing that she would be evicted from her home over the holidays, moved her children out of the house and sought an injunction to stop the seizure by executory process. In support, she argued the foreclosure documents (i.e., the mortgage and promissory note) were not in authentic form pursuant to the requirements set forth in La. Code Civ. P. art. 2635(A)(2)[2] because they were

---

[2] La. Code Civ. P. art. 2635 provides:

> A. In order for a plaintiff to prove his right to use executory process to enforce the mortgage, security agreement, or privilege, it is necessary only for the plaintiff to submit with his petition authentic evidence of:

(continued...)

2

executed in front of only one witness. Ms. Smith also filed a reconventional and third party demands against Chase, alleging wrongful seizure, conversion, and federal due process violations pursuant to 42 U.S.C. § 1983 (hereinafter referred to as "section 1983").[3]

The district court granted Ms. Smith's request for a preliminary injunction, reserved her other claims, and ordered Chase to convert the matter to an ordinary proceeding. Chase converted the matter to an ordinary proceeding and Ms. Smith re-filed her reconventional and third party demands against Chase. The district court ultimately dismissed the entire suit.

The Bank of New York Mellon ("Mellon") later filed the instant suit against Ms. Smith, seeking to enforce a note and mortgage by ordinary proceeding. Ms. Smith answered Mellon's suit, asserting an exception of no right of action and a reconventional demand against Mellon, and asserting third party demands against

---

[2](...continued)

> (1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
>
> (2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
>
> (3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
>
> B. This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney's fees shall not preclude the use of executory process.

[3] 42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Chase and Dean Morris, L.L.P. Mellon, Chase, and Dean Morris, L.L.P. filed numerous exceptions to Ms. Smith's reconventional and third party demands. Although the district court granted these exceptions, the court of appeal reversed, finding the facts alleged by Ms. Smith were sufficient to state a cause of action under state law and under section 1983 for the alleged wrongful seizure of Ms. Smith's home. Specifically, the court of appeal found Ms. Smith's allegations were sufficient to establish that the seizing creditor and its counsel, Dean Morris, L.L.P., were state actors subject to liability for the seizure of Smith's home under section 1983. *Bank of New York Mellon v. Smith*, 11-60 (La. App. 3 Cir. 6/29/11), 71 So.3d 1034, *writ denied*, 11-2080 (La. 11/18/11), 75 So.3d 462.

On remand, Ms. Smith amended her incidental demands to allege the legal insufficiency of the confession of judgment language in the mortgage as a basis of liability. She also amended her incidental demands to assert a claim under section 1983 against attorney George Dean, Jr.

Subsequently, Ms. Smith reached a settlement with Mellon and Chase, and these parties were dismissed. However, she reserved her claims against Dean Morris, L.L.P. and George Dean, Jr.

Thereafter, Dean Morris, L.L.P. and Mr. Dean (collectively referred to hereinafter as "Dean Morris") filed a motion for summary judgment, arguing Ms. Smith cannot establish a claim under section 1983 because she failed to challenge the constitutionality of a state statute or a claim for the statute's erroneous application. Dean Morris maintained the misapplication of a constitutional statute does not support a cause of action under section 1983.

The district court granted the motion for summary judgment and dismissed Ms. Smith's claims for wrongful seizure, conversion, and section 1983 violations. In

4

written reasons for judgment, the district court acknowledged that Chase failed to obtain two witnesses when executing the promissory note and mortgage, but noted this failure is not attributable to Dean Morris for the purposes of a section 1983 claim:

> The root of the problem arising from the original "Petition to Enforce Security Interest by Executory Process" filed November 4, 2004, in Docket No. 16,928. Attached to the petition was a copy of the note executed October 18, 1999 and the note was certified to be a true and correct copy of the original by Gary K. Hayes, the notary before whom the original note was signed [Exhibit A of the suit record]. Also attached to the original Petition for Executory Process was a certified copy of the mortgage as exhibit B. This certificate was executed by Deputy Clerk and Ex-officio Recorder B. Woodard on October 26, 2004 over the title, J. ElRay Lemoine. Also attached was a document marked "Notarial Endorsement and Assignment of Mortgage" #64030, Bk 213, pg 497 being "Exhibit C" and this was certified to be a true and correct copy on the 26th day of October 2004 over the title J. ElRay Lemoine, Deputy Clerk and Ex-Officio Recorder, B. Woodard.
>
> A "Petition for Preliminary Injunction" was filed by Pamela Deann Lacour Smith and asserted the mortgage dated October 18, 1999 was executed before Gary K. Hayes, Notary Public, and a single witness. The said petition stated the mortgage was not in authentic form and did not satisfy the requirement of authentic evidence as required by Louisiana Code of Civil Procedure Article 2635(A)(2). The hearing on the preliminary injunction was conducted on April 4, 2005. The transcript of this hearing is identified as Exhibit 10 in the record of the proceeding Docket # 20,282, Volume III and the evidence presented related only to the presence or absence of the witnesses. The Court stated "Executory process is an extraordinary remedy and requires us to follow everything, dot every "I" and cross every "T." And it just wasn't done in this case." The District Judge found the mortgage was not in authentic form due to the absence of witnesses during the execution of the mortgage. This Court finds the physical absence of a witness in the execution of the act of mortgage is a latent defect not changeable to the attorney petitioning for executory process.

Moreover, the district court explained that while Ms. Smith may not have received the correct notice under the mortgage provisions, she still received adequate

notice of the executory proceedings against her for due process purposes:

> The failure to provide the required notice pursuant to the mortgage provisions may serve as a basis to claim misapplication of executory process. The record does not contain any notice of breach required by "Section 21. Acceleration, Remedies." This notice is deemed mandatory by virtue of the "shall" language. No written notice of breach was filed to satisfy the requirement of LSA-C.C.P. art. 2635(3). However in original petition for writ of seizure and sale stated in paragraph 5 that notice of breach was mailed prior to acceleration. Lack of notice of breach was cured by personal notice of executory process by sheriff.

> The original petition for executory process had all of the proper documents except no other instruments necessary to complete proof of plaintiff's right to use executory process, LSA-C.C.P. 2635(3). The sheriff's return of service of the notice of executory process reflects that Pamela Dean Lacour Smith was notified on December 8, 2004, that "a petition for executory process, a certified copy of which accompanies this notice has been filed against you." This service of process does not reflect any seizure of the property. However, a return "Notice of Seizure" was filed to Grant Parish Clerk of Court. This notice reflected a Clerk's filing date of December 6, 2004 P.1:53 and was recorded at instrument no. 136,504, book 385, page 803, book 278, page 153. This notice states "Notice is hereby given that I am this day seizing . . ." The Court finds as a fact Pamela Smith was personally served on December 8, 2004, with notice of the petition for executory process documents. The record does not reflect a notice of seizure was served on her. The Court finds the notice of the proceeding served upon her constituted due process notice whereby she had the opportunity to contest the proceeding which she did successfully obtain an injunction. The Bank of Mellon filed on July 30, 2009, a petition to enforce security interest by ordinary process, docketed as Civil Suit No. 20,282. The petition stated the proceeding shall be <u>in rem</u> and shall not seek personal liability. The note copy had a stamp to wit-paid and cancelled, J.P. Morgan Chase Bank, _____, Mary E. Kurtz, Assistant Treasurer, but was not signed. It had a without recourse assignment, signed to Chase Bank of Texas. This note copy was substantially different than the note copied and attached to the original executory process petition. A misplaced or lost note issue was litigated by the parties.

Finally, the district court found Dean Morris did not act recklessly in the filing

the executory proceeding:

> Louisiana law has recognized that an attorney owes no duty to a non-client third party absent a showing of actual malice or specific intent to harm. Pamela Smith claims Dean Morris was reckless. There is no factual basis to conclude the attorneys were acting with specific malice toward the Smiths or with any specific intent to harm. Even if it is a fact that no notice of breach was sent, the failure does not support an inference of actual malice or specific intent to harm. No sale or conversion took place, only notice of intended sale. This fact is not in dispute. The notice of breach merely informs the owner that a claim of breach of the mortgage obligation has occurred and the mortgage will be enforced.

> * * *

> Pamela Smith submitted the recent judgment of the federal court in *Willie Lionel Key, et al vs. Dean Morris, LLP, et al, Civil Action No.* 12-49-FJP-SCR. The facts involved in the Keys case reflect that the Keys never received notice of any kind as to the pending sheriff's sale which they contended would have afforded them an opportunity to defend their property interest. The property was under a judicial mortgage and it was sold without a notice and the property owners were divested of their property interest without any opportunity for a hearing to contest and/or object to the sale. In the instant case, proper notice of seizure was provided and Pamela Smith was successful in enjoining the sale and the matter was converted to an ordinary proceeding for trial on the merits. In the Keys case, the property was seized and sold. The Court stated "clearly the seizure and sale occurred without the required notice to plaintiffs."

Ms. Smith appealed, and the court of appeal reversed on appeal. *Bank of New York Mellon v. Smith*, 2014-924 (La. App. 3 Cir. 2/11/15), 159 So.3d 108. In its opinion, the court of appeal found there were "genuine issues of material fact in the record before us as to whether Dean Morris intentionally took measures which resulted in an invasion of the plaintiff's property interests, despite being put on notice by Smith's attorneys that executory process foreclosure was improper." *Id.* at pp. 15-16, 159 So.3d at 1099-1100.

Upon application of Dean Morris, we granted certiorari to review the correctness of this decision. *Bank of New York Mellon v. Smith*, 2015-0530 (La. 6/5/15), ___ So.3d ___.

## DISCUSSION

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 p. 3 (La.11/29/06), 950 So.2d 544, 546, *see* La. Code Civ. P. art. 966. A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the district court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 06-1181, p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties arising out of tort law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Patterson v. Allain*, 12-1365, p. 4 (La. App. 1 Cir. 4/26/13), 116 So.3d 732, 735.

In *Lugar v. Edmonston Oil Co.*, 457 U.S. 922 (1982), the United States Supreme Court explained that under certain circumstances, a private party can be characterized as a state actor for purposes of section 1983 if the private party jointly

8

participates with state officials in the seizure of the disputed property. However, the Court made it clear that mere private misuse of a state statute does not fall within the scope of conduct which can be attributed to the State:

> **While private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action.** This is subject to constitutional restraints and properly may be addressed in a § 1983 action, if the second element of the state-action requirement is met as well. As is clear from the discussion in Part II, we have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for purposes of the Fourteenth Amendment.
>
> * * *
>
> In summary, petitioner was deprived of his property through state action; respondents were, therefore, acting under color of state law in participating in that deprivation. Petitioner did present a valid cause of action under § 1983 insofar as he challenged the constitutionality of the Virginia statute; he did not insofar as he alleged only misuse or abuse of the statute.
>
> *Id.* at 941-942 [emphasis added].

It is significant that in *Lugar*, the petitioner challenged the state statute as procedurally defective under the Fourteenth Amendment. By contrast, the instant claim suit does not involve a constitutional challenge to the validity of a state statute. Indeed, Ms. Smith concedes in her brief to this court that she is not attacking the constitutionality of the executory process provisions, but is instead alleging abuse or misuse of the seizure provisions which resulted in an unconstitutional seizure of her property.[4]

---

[4] At page ten of her brief, Ms. Smith asserts she "can allege a misuse or abuse of a seizure statute and refrain from challenging the constitutionality of that statute without pleading herself out of court."

9

In *Buckner v. Carmack*, 272 So.2d 326, 331 (La. 1973), we upheld the constitutionality of the Louisiana scheme of executory process, explaining "the debtor has ample opportunity under our Code of Civil Procedure to assert any defenses and objections that he may have both before and after the seizure, whether it be constructive or actual." *Id*. at. 331. Similarly, in *Mitchell* v. *W.T. Grant Co.,* 416 U.S. 600 (1982), the United States Supreme Court rejected a procedural challenge to Louisiana's pre-hearing sequestration process, both facially and as applied, because judicial intervention is required before the property is sequestered and the debtor is provided the opportunity for a hearing before final deprivation of his property.

In the instant case, the district court acknowledged the failure to provide the required notice pursuant to the mortgage provisions may serve as a basis to claim misapplication of executory process mortgage. Nonetheless, the court found it was undisputed that Ms. Smith was personally served on December 8, 2004 with notice of the petition for executory process documents.

Under these circumstances, we find no unconstitutional seizure of Ms. Smith's property occurred. Rather, she was given sufficient opportunity to contest the actual seizure of her property. This conclusion is supported by the fact that Ms. Smith successfully obtain an injunction to prevent the seizure of her property.

Ms. Smith contends Dean Morris acted recklessly in proceeding with the executory process after she sent a letter to Saxon (which was ultimately forwarded to Dean Morris) advising that the executory foreclosure was not properly supported. We acknowledge the mortgage was not in authentic form due to the absence of witnesses during the execution of the mortgage. However, as explained by the district court,

10

the physical absence of a witness in the execution of the act of mortgage is a latent defect which is not chargeable to the attorney petitioning for executory process.[5]

Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf. *Penalber v. Blount*, 550 So.2d 577, 581 (La. 1989). A non-client, therefore, generally cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. *Id.* However, intentionally tortious actions, ostensibly performed for a client's benefit, will not shroud an attorney with immunity. *Id.*

There is no evidence Dean Morris acted with specific intent to harm Ms. Smith. At most, its actions were negligent. Under the clear language of *Penalber*, such negligence is not sufficient to make an attorney liable to a non-client such as Ms. Smith.

In summary, we conclude Ms. Smith has failed to produce any evidence supporting her conclusion that Dean Morris violated her constitutional rights in violation of section 1983. At most, Ms. Smith has shown Dean Morris misused the executory process provisions. Such allegations are insufficient to support an action against private attorneys under the parameters set forth in *Lugar v. Edmonston Oil Co.*, 457 U.S. 922 (1982).

---

[5] *See* La. Civ. Code art. 1835 ("An authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title."). An authentic act is clothed with a presumption of genuineness." *DiVincenti v. McIntyre*, 611 So.2d 140, 141 (La.App. 1 Cir. 1992), *writ denied*, 614 So.2d 1264 (La. 1993), *citing Perry v. Akin*, 174 La. 472, 141 So. 32 (1932). It was not until after the executory process suit was filed that the mortgage was determined not to be in authentic form because of a deficiency not obvious on its face. Thus, when the executory process suit was filed the mortgage, as an authentic act, was presumed to valid. As soon as its invalidity was established evidentially, the constructive seizure was terminated.

The district court was correct in granting summary judgment in favor of Dean Morris. Accordingly, we must reverse the judgment of the court of appeal and reinstate the judgment of the district court.


**DECREE**

For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court granting summary judgment in favor of George Dean, Jr. and Dean Morris, L.L.P. is reinstated.