MURPHY, J.
| plaintiff, Nancy Morel, has appealed the trial court judgment granting summary judgment in favor of defendants. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 25, 2014, plaintiff was injured when she tripped and fell at a Shell gas station in Metairie. Plaintiff filed suit against the gas station owners, Cheema Properties, LLC and Cheema Three, LLC.
In her deposition, plaintiff testified that she was born on April 29, 1930 and has been walking with a cane since having her knee replaced in 2001. She frequently went to this particular gas station for gas and always went inside of the store to pay for her gas before pumping the gas. On the morning that she fell, she noticed two hoses next to the curb where she had to step up to go into the store. She described the hoses as gray in color and two and a half to three inches in diameter. She elaborated that she could not recall if there were two hoses when she went into the store, but stated that there were two hoses when she exited the store. Plaintiff testified that when she came out of the store, the two hoses were “separated,” expounding “[tjhat’s where the problem was.” Plaintiff further testified “I looked to the handicap place to see if I can get out that way and I was blocked that way.. .1 said, well, I have things to do, so I have to go forward with my cane.” After trying unsuccessfully to move the hose with her cane, she tried to use her “cane to step over the hoses” and her right foot “caught the hose” causing her to fall. When questioned as to whether, after seeing the hoses upon exiting the store, she went back into the store to tell the cashier that her path to her car was blocked, plaintiff responded that she “didn’t think it was necessary.”
Relying on plaintiffs deposition testimony, defendants moved for summary judgment arguing that the hoses were open, obvious, and plainly visible to all who Rencountered them, and that they did not pose an unreasonable risk of harm to persons exercising ordinary care for their own safety. Plaintiff opposed the motion for summary judgment arguing: (1) that there are disputed facts surrounding the location of the hoses that moved and separated after plaintiff went into the store which indicate that the hoses did present an unreasonable risk of harm, (2) that defendants failed to preserve the video surveillance after being requested to do so by plaintiffs attorney within 30 days of the accident and there was a genuine issue of fact regarding defendant’s spoliation of the video surveillance, and (3) there is disput *385 ed evidence as to the identity of the person who placed the hoses in the parking lot and whether he was adequately supervised.
At the hearing on the motion for summary judgment, the trial court found that the only facts before the court that were material were those regarding the open and obvious nature of the alleged hazard. Noting plaintiffs deposition testimony that she tried to move the hose and then made a decision to go forward, the court found that the hoses were open and obvious and not unreasonably dangerous and granted summary judgment in favor of defendants. This timely appeal followed.
LAW AND DISCUSSION
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for trial. Schultz v. Guoth, 10-0343 (La. 01/19/11), 57 So.3d 1002, 1005. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). The motion shall be granted when the memorandum and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof is on the party moving for summary judgment. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the |sissue that is before the court on the motion for summary judgment, the mover is not required to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more such essential elements. Id. The burden then shifts to the adverse party to produce factual support sufficient to establish a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones v. Estate of Santiago, 03-1424 (La. 04/14/04), 870 So.2d 1002, 1006.
A de novo standard of review is required when an appellate court considers rulings on summary judgments motions, using the same criteria that governs the district court’s determination of whether summary judgment is appropriate, i.e,, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Bank of New York Mellon v. Smith, 15-0530 (La. 10/14/15), 180 So.3d 1238, 1243.
In her Petition for Damages, plaintiff alleged that the defendants were negligent in creating a hazard of allowing hoses to be laid across the walkway without notice to its patrons, citing La. C.C. art. 2315.[1] 2317,[2] and 2317.1. La. C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
*386 |4Thus, to prove liability for an unreasonably dangerous defect, a plaintiff has the burden to show that the thing was in the custodian’s custody or control, it had a vice or defect that presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm, and the damage was caused by the defendant. La. C.C. art. 2317.1. Summary judgment is not precluded in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous. Allen v. Lockwood, 14-1724 (La. 02/13/15), 156 So.3d 650, 652. In the instant case, it is undisputed that plaintiff was injured when she tripped over the hoses and that defendants had custody of the hoses and knew of their presence. Thus, the issue to be determined in this case is whether a material issue of fact exists as to whether the condition complained of, i.e., the hoses, constituted a defect and/or an unreasonably dangerous condition.
To determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained-of condition, (2) the likelihood and magnitude of ham, including the obviousness and apparentness of the condition, (3) the cost to prevent the ham, and (4) the nature of the plaintiffs activities in terns of social utility or whether the activities were dangerous by nature. Bufkin v. Felipe’s La., LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856.
Regarding factor one, there is no dispute that there is utility in defendants’ keeping the exterior of their building clean. Regarding factor two, the likelihood and magnitude of harm and the obviousness and apparentness of the condition, plaintiffs deposition testimony indicates that she saw the hoses and was aware that they could cause her harm. Plaintiff testified then when she came out of the store after paying for her gas, “there were two” hoses. She went on to state: “They were | ^separated. That’s where the problem was.” Plaintiff further testified that before she started to step over the hoses, she tried to move one hose stating: “Because the hose was separated and I tried to push the hose back with my cane and I couldn’t do it.” Plaintiff elaborated that the handicap ramp was also blocked “[s]o I said, well, I have things to do, so I have to go forward with my cane. So I tried to use my cane to step over the hoses and that’s when I fell.” Plaintiff testified in her deposition that she was not sure of the exact mechanism of her fall; she was sure that it was not her cane that got tangled in the hose, stating “if anything it was my right foot.” When questioned as to whether she went back into the store and told the cashier that her path was blocked when she exited the store and saw the hoses, plaintiff responded: “No. I didn’t think it was necessary.”
Our jurisprudence has recognized that landowners generally have no duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, this Court has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it. Bufkin, supra at 856,; Pryor v. Iberia Par. Sch. Bd„ 10-1683 (La. 03/15/11), 60 So.3d 594, 596.
In Bufkin, the plaintiff was a pedestrian who was struck by a bicyclist when he stepped out from behind a construction dumpster that had been placed on the sidewalk. The plaintiff sued the contractor who placed the dumpster on the sidewalk, claiming the dumpster blocked his vision, creating an unreasonably dangerous condition. In moving for summary judgment, *387 the defendant argued that the dumpster was obvious and apparent and did not create an unreasonable risk of harm because the risk it posed was easily avoidable by the exercise of ordinary care. The Supreme Court found that any vision obstruction caused by the dumpster to a pedestrian crossing the street was obvious and apparent and ^reasonably safe for persons exercising ordinary care and prudence. The Court concluded that the defendant had no duty to warn of the obstruction presented to pedestrians by the dumpster.
Pryor, supra, involved a plaintiff who had been declared “mobility impaired” and walked with a cane. The plaintiff went to a football game and in ascending the bleachers noted that the space between the first and second seat boards was eighteen inches while the space between the other seat boards was eight inches. To ascend the bleaches, the plaintiff lay on her side and swung up one leg at a time to get from the first and second seat board, then stood up and ascended the remaining rows with assistance from her daughter. When the plaintiff went to descend the bleachers, she attempted to step down the eighteen-inch space between the first and second seat boards and fell, sustaining injuries. In reinstating the district court’s judgment finding that the bleachers did not present an unreasonable risk of harm, the Supreme Court found that the evidence established that the plaintiff was aware of the open and obvious risk. The Court found that the plaintiff could have easily avoided any risk by descending the bleachers in the same manner as she ascended the bleachers or by sitting on the other bleachers which had accommodations for persons with physical impairments.
In Roth v. New Hotel Monteleone L.L.C., 07-549 (La.App. 4 Cir. 1/30/08), 978 So.2d 1008, the seventy-five-year-old plaintiff suffered “from ambulatory problems” and walked with the assistance of a walker. During the first two days of his stay at the Monteleone, the plaintiff entered and exited the hotel via the Royal Street entrance, which requires ascending steps in the foyer to enter the hotel lobby, with the assistance of hotel staff. Id. at 1010. On the third day of his stay, the plaintiff fell while attempting to descend the lobby steps with his walker unassisted by anyone. Id. At trial,- the plaintiff testified that he decided to descend [7the steps alone because the hotel staff was busy assisting other guests. Id. When questioned as to how long, he waited for assistance before descending the steps without assistance, the plaintiff responded “I didn’t wait long at all.” Id. at 1011. The trial court found no liability on the part of the Monteleone and dismissed the plaintiffs case. Id. On appeal, the plaintiff argued that there was no signage at the Royal Street entrance regarding a handicap entrance and he was unaware of the Monteleone’s handicap entrance on Bienville Street. Id. In affirming the trial court judgment, the Fourth Circuit found that it was the plaintiffs “impatience, not the lack of signage that caused him to fall.” Id. at 1011.
In the instant case, plaintiff testified that she saw the hoses and was aware that the hoses were a “problem,” yet she chose to “go forward with [her] cane” and fell. Given the specific facts and circumstances in this case, we find, as the Supreme Court did in Pryor, supra, that plaintiff was aware of the open and obvious risk that she could fall while attempting to step over the “separated” hoses and that she could have avoided this risk. Rather than going back into the store and informing the cashier that the path to her car was blocked by the hoses, plaintiff first tried to move the hose with her cane, then decided to attempt to step over the hoses. *388 Plaintiff could have avoided the risk of falling by asking that the hoses be moved and/or by asking for assistance in walking back to her car. As in Roth, supra, it was plaintiffs impatience, not defendant’s failure to warn of an alleged hazard, which caused plaintiff to fall. The most significant undisputed fact in this case is that plaintiff saw the hoses and was aware that the hoses could cause her to fall. Given her physical limitations, a prudent person using ordinary care after seeing the hoses would have exercised whatever caution was necessary under the circumstances to avoid the risk she recognized was created by the alleged hazard.
[ sIn this case, once defendants pointed out that plaintiff would be unable to bear her burden to prove an essential element of her claim, i.e., that a duty was owed by defendants to her due to the alleged unreasonably dangerous condition presented by the hoses, then the burden shifted to plaintiff to demonstrate that she would be able to meet the burden at trial. Plaintiff failed to produce any evidence admissible on a motion for summary judgment to show that defendants did have a duty to warn of the alleged hazard created by the hoses.
Plaintiff’s arguments relative to defendants’ alleged failure to preserve the surveillance video are misplaced. There is no dispute over where and how plaintiff fell. Thus, the surveillance video is not relevant and whether or not it should have been preserved is not a material issue of fact precluding summary judgment. Likewise, the discrepancies over the testimony as to whether the individual performing the pressure washing worked for one day or more than one day, and whether he was adequately supervised, are not material issues of fact in this case.
CONCLUSION
For the foregoing reasons, we affirm the summary judgment dismissing plaintiff Nancy Morel’s claims against defendants Cheema Properties, LLC and Cheema Three, LLC.
AFFIRMED

, La. C.C. art. 2315 provides in pertinent part: “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”

. La. C.C. art. 2317 provides in pertinent part: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”