Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,167-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LEE MALLAHAN, III                                    Respondent

versus

ERICK GUEVARA, JANIS
MERLOS, EGE PAINTING,
LLC, EGE GENERAL
CONSTRUCTION & HOME
IMPROVEMENTS, LLC,
EVANSTON INSURANCE
COMPANY, HISCOX
INSURANCE COMPANY,
INC., EMPLOYERS
MUTUAL CASUALTY CO.,
BEVERAGE BUILDERS AND
REMODELING, LLC, ABC
INSURANCE COMPANY, AND
XYZ INSURANCE COMPANY                            Applicants

* * * * *

On Application for Writs from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 164,657

Honorable Michael Owens Craig, Judge

* * * * *

DEGAN, BLANCHARD & NASH                 Counsel for Defendant-
By: Sidney W. Degan, III                        Applicant, Hiscox
    Karl H. Schmid                              Insurance Company, Inc.
    Janna C. Underhill
    Caroline E. Campagna
    Jordan P. Amedee

KITCHENS LAW FIRM                    Counsel for Plaintiff-
By: Graydon K. Kitchens, III         Respondent, Lee
    Richard R. Ray                   Mallahan, III

LUNN IRION LAW FIRM, LLC             Counsel for Defendant
By: James A. Mijalis                 Respondent, Employers
    William O. Hunter, III           Mutual Casualty Co.

JANIS MERLOS                         In Proper Person and
                                     as Agent for EGE
                                     Painting, LLC


\* \* \* \* \*

Before COX, STEPHENS, and THOMPSON, JJ.

**COX, J.**

This civil appeal arises from the 26th Judicial District Court, Bossier Parish. Appellant, Hiscox Insurance Company, Inc. ("Hiscox") appeals the trial court's denial of its motion for summary judgment in favor of the Appellee, Lee Mallahan, III ("Mallahan"). For the following reasons stated in this opinion, we respectfully reverse the trial court's ruling.

## FACTS

For purposes of this review of the trial court's summary judgment ruling, the following facts are not in dispute. On June 1, 2020, Erick Guevera ("Guevara"), an employee of EGE Painting LLC, who was hired to perform home improvement work for Mallahan, drove a Chevrolet Silverado into Mallahan's driveway and struck Mallahan. On April 21, 2021, Mallahan filed a petition for damages and named Guevara, EGE Painting, LLC, and its various insurers, including Hiscox, as defendants. According to Mallahan's petition, Guevara's truck made "violent contact with Mr. Mallahan's body knocking him into the air and causing him to lose consciousness."

On December 23, 2021, Hiscox, who provided a general commercial liability insurance policy to EGE Painting, LLC, filed a motion for summary judgment. Hiscox alleged that it should be dismissed from the suit because, under its issued policy, the exclusion clause prevented liability for bodily injuries arising from any incident involving the operation of a motor vehicle. The policy and exclusion in question provided, in pertinent part:

**2. Exclusions:** This insurance does not apply to:

. . . .

**g. Aircraft, Auto or Watercraft:**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading." This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

Hiscox asserted that the exclusion eliminated coverage for risks that arise from either the ownership, maintenance, or use of an automobile. Because Mallahan claimed he was injured by an EGE Painting, LLC employee through the use and/or operation of a vehicle, there are no genuine issues of material fact, as the activity implicates the aforementioned policy exclusion.

On July 11, 2022, Mallahan filed an opposition to the motion for summary judgment, urging that "the dots have not been connected and [Hiscox] did not provide sufficient information or facts to be entitled to summary judgment on the issue." In particular, Mallahan asserted that Hiscox ignored the full text of the exclusion and attempted to create a "blanket exclusion" for "any liability that has any relationship arising from any "auto." But the plain text in each paragraph clearly states that the excluded injury or damage is from an "auto" owned, operated, rented to, or loaned to the insured." Mallahan maintained that because the policy "specifically states that the aircraft, auto, or watercraft must be owned by EGE Painting, LLC," there is a genuine issue of material fact concerning ownership of the vehicle.

2

In support, Mallahan attached an affidavit, in which he provided a list of facts "unknown to [him,]" including, but not limited to: the identity of the individual operating the vehicle, the owner of the vehicle, whether the owner of the vehicle loaned or entrusted the vehicle to anyone, and whether the vehicle was operated with the permission of anyone affiliated with EGE Painting, LLC.

In response to Mallahan's opposition, Hiscox filed a reply brief on July 15, 2022. Hiscox generally argued that Mallahan "misinterpret[ed] the plain language of the policy," and the exclusion pertains to bodily injury arising out of the ownership, maintenance, use, or entrustment to others of any auto. Specifically, Hiscox argued:

> The Policy's use of the unambiguous and disjunctive word "or" expresses alternative excluded scenarios, and a plain reading of the exclusion provides that there is no coverage for "'bodily injury' . . . arising out of the . . . use . . . of any . . . 'auto' . . . operated by . . . any insured."

Moreover, Hiscox notes that despite the list of "unknowns" provided in Mallahan's affidavit, the following facts were admitted on the face of his petition:

> **ERICK GUEVARA** was the operator of a 2004 Chevrolet Silverado Truck which, upon information and belief, was operated in the capacity as a company work truck in its business capacity for EGE Painting, LLC.

In lieu of a hearing, the trial court ordered that the matter be submitted on briefs. On January 4, 2023, the trial court denied the motion for summary judgment, opining that "this Court has determined that Plaintiff, in their Opposition filed on 11th day of July, 2022, raised genuine issues of material fact that are present in this matter." Hiscox subsequently filed a writ

application; the matter was granted on March 15, 2023, and docketed for briefing.

**DISCUSSION**

In its sole assignment of error, Hiscox argues that the trial court erred in denying its motion for summary judgment and finding genuine issues of material facts concerning ownership of the vehicle in question. Specifically, Hiscox asserts that, without written reasons to determine why the trial court denied its motion for summary judgment, it can be reasonably concluded that the denial was based only upon Mallahan's alleged genuine issue of material fact concerning ownership of the vehicle. Hiscox maintains, however, that in this matter, ownership of the vehicle is immaterial, and Mallahan misinterpreted the plain language of the policy exclusion.

In response, Mallahan re-urges his initial assertion that Hiscox ignored the full text of the exclusion and attempted to create a "blanket exclusion" for "any liability that has any relationship arising from any auto." Mallahan urges that the policy "specifically states that the aircraft, auto, or watercraft must be owned by EGE Painting, LLC," and there is a genuine issue of material fact concerning ownership of the vehicle.

A *de novo* standard of review is required when an appellate court considers rulings on summary judgment motions. The appellate court must use the same criteria that governed the trial court's determination of whether summary judgment was appropriate. *Bank of New York Mellon v. Smith*, 15-0530 (La. 10/14/15), 180 So. 3d 1238; *Diamond McCattle Co., L.L.C. v. Range Louisiana Oper., LLC*, 53,896 (La. App. 2 Cir. 4/14/21), 316 So.3d 603, *writ denied*, 21-00681 (La. 9/27/21), 324 So. 3d 92. A court must grant a motion for summary judgment if the motion, memorandum, and

4

supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, pursuant to La. C.C.P. art. 966(A)(3). *Diamond McCattle Co., L.L.C. v. Range Louisiana Operating, LLC, supra*.

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Green v. Brookshire Grocery Co.,* 53,066 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1256. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L.Ed. 2d 130 (2014); *Green v. Brookshire Grocery Co., supra*. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Green v. Brookshire Grocery Co., supra*.

An insurance policy is a contract between the two parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Mayo v. State Farm Mut. Auto Ins. Co.*, 03-1801 (La. 2/25/04), 869 So. 2d 96. Interpretation involves ascertaining the common intent of the parties to the contract. La. C. C. art. 2045. Words and phrases used in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. La. C. C. art. 2047; *Marshall v. Louisiana Farm Bureau Cas. Ins. Co.*, 50,190 (La. App. 2 Cir. 11/18/15), 182 So. 3d 214. "An insurance contract should not be interpreted in an unreasonable or

strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms to achieve an absurd conclusion." *Mayo, supra.*

"The interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved on motion for summary judgment." *Marzell v. Charlyn Enters., LLC*, 51,209 (La. App. 2 Cir. 2/15/17), 215 So. 3d 405. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and impose and enforce reasonable conditions on policy obligations they contractually assume. *Id.* A court should grant the motion for summary judgment only when it is clear that the provisions of the insurance policy do not afford coverage. *Id.*

As previously mentioned, the policy and exclusion in question provided, in pertinent part:

**2. Exclusions:** This insurance does not apply to:

. . . .

**g. Aircraft, Auto or Watercraft:**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of ***any*** aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading." This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured. (Emphasis added.)

In this Court's review, the exclusion provision within the policy is clear and unambiguous in its denial of coverage. In this case, it is undisputed that Guevara, while working for EGE Painting, LLC, hit and injured Mallahan while driving. Hiscox was added as a defendant in this litigation as the

6

insurer for EGE Painting, LLC, where Guevara was employed. Hiscox's general commercial liability policy specifically excludes coverage of any incident resulting in bodily injury that arises from the "ownership, maintenance, *use*[,] or entrustment to others of *any*" vehicle "owned or *operated* by or rented or loaned to any insured."

Despite Mallahan's assertion that ownership of the vehicle in question is a material fact pertinent to the issue of coverage, under this policy, there is no onus upon the insured to have actually owned the vehicle in question. Rather, the policy specifically excludes coverage of any incident resulting in bodily injury that arises from the use or operation of a vehicle, *regardless* of who may or may not have owned or operated the vehicle. Accordingly, we find that the trial court erred in denying the motion for summary judgment as there is no genuine issue of material fact present, and this matter should be reversed, dismissing Hiscox from this litigation.

## CONCLUSION

After a *de novo* review of the record, we find that there are no genuine issues of material facts and that, under the terms of Hiscox's policy, Hiscox is entitled to summary judgment as a matter of law concerning Mallahan's claims against it. Accordingly, the trial court's ruling is respectfully reversed, and all costs of this proceeding are assessed to Mallahan.

**WRIT GRANTED; JUDGMENT REVERSED.**